**Arthur Baker BEE, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

No. 24322.

United States Court of Appeals Fifth Circuit.

Oct. 26, 1967.

Arthur Baker Bee, pro se.

Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., for appellee.

Before GEWIN, BELL and AINSWORTH, Circuit Judges.

PER CURIAM:

This is an appeal by a Texas state convict from the denial of his petition for a writ of habeas corpus by the United States District Court for the Southern District of Texas. No evidentiary hearing was held. In a well written and thorough opinion the district court assigned reasons for the conclusions reached. The record of the state trial was before the court and was reviewed in its entirety by the court. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L. Ed.2d 770. Appellant represented by privately retained counsel, entered a plea of guilty to a charge of unlawful possession of narcotics and was sentenced to ten years in the Texas State Penitentiary on November 5, 1962.

Appellant's sole allegation is that evidence was obtained against him as the result of an illegal search of his apartment and seizure of evidence found therein. He contends that the affidavit upon which the search warrant was based did not meet the standards set forth by the Supreme Court in Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The court below based its denial of relief partly on the ground that Aguilar v. State of Texas is not to be given retroactive effect. We find it unnecessary to reach that issue. However, see Davis v. Beto, 368 F. 2d 999 (5 Cir. 1966). Appellant makes no claim that he was inadequately represented by counsel or that his plea of guilty was coerced. In such a situation,

the judgment and sentence are based solely on the plea and not on any evidence, whether legally or illegally seized. A guilty plea is a waiver of all non-jurisdictional defects and defenses and admits the facts charged. White v. Beto, 367 F. 2d 557 (5 Cir. 1966); Law v. Beto, 370 F.2d 369 (5 Cir. 1966); Haynes v. United States, 372 F.2d 651 (5 Cir. 1967).

Affirmed.