Jose **FIERRO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41887.

Court of Criminal Appeals of Texas.

March 5, 1969.

**834**

Murray, J. Howze, Monahans, for appellant.

James A. Mashburn, Dist. Atty., Midland, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is the unlawful possession of heroin; the punishment, 5 years.

Trial was before the court on a plea of nolo contendere.

In addition to his written waiver of his right to a jury trial and to be confronted with the witnesses against him, appellant after entering a plea of nolo contendere made the following judicial admission in writing:

"That on the 8th day of August, A.D., 1967, in Midland County, Texas, I, Jose Fierro, the defendant in this action, was legally arrested and charged with having on my person and in my possession a narcotic drug, to-wit, heroin.

"The said Jose Fierro, defendant herein, further consents to the introduction in evidence of the foregoing judicial admissions as testimony in support of the judgment of the Court."

The written admission, signed by appellent and witnessed by his counsel, was approved by the court and introduced in evidence.

Also the state offered in evidence the testimony introduced before the court on appellant's motion to suppress all evidence seized in a search of appellant's automobile. Such testimony reflects that Texas Department of Public Safety Patrolman Dallas Smith observed an automobile being driven by appellant on the wrong side of the road. After stopping the car and placing appellant under arrest for the traffic violation, and for driving without a license, the officer observed a yellow package sticking out from a small tear in the sunvisor on the right side of the car.

The contents of the package seized by Patrolman Smith were analyzed and found to contain 24 per cent heroin weighing 2.70 grams.

The three grounds of error set forth in appellant's brief relate to the overruling of his motion to suppress the evidence obtained as the result of an illegal search and appellant's alleged confession following such search, and the contention that excluding the fruits of the illegal search and seizure, the evidence is insufficient to support any conviction in this case.

■ A plea of guilty, if voluntarily and understandingly made, is conclusive as to the defendant's guilt and waives all non jurisdictional defects including claimed deprivation of federal constitutional due process. Hoskins v. State, Tex.Cr.App., 425 S.W.2d 825; Law v. Beto, 5 Cir., 370 F.2d 369, cert. denied, 389 U.S. 863, 88 S.Ct. 123, 19 L.Ed.2d 132; Litton v. Beto, 386 F.2d 820; Bee v. Beto, 384 F.2d 925.

■ Under the provisions of Art. 27.02 (6) Vernon's Ann.C.C.P., the legal effect of a plea of nolo contendere is the same as a plea of guilty insofar as a criminal prosecution is concerned. Chavarria v. State, Tex.Cr.App., 425 S.W.2d 822; Martinez v. State, 340 S.W.2d 56.

■ The evidence adduced, including appellant's judicial admission, satisfied the requirements of Art. 1.15 V.A.C.C.P. where

trial by jury is waived and the plea of guilty to a felony charge is entered before the court.

The ground of error is overruled.

The judgment is affirmed.