**Melvin Lee PRUITT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45125.**

Court of Criminal Appeals of Texas.

March 1, 1972.

Robert Cady, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for driving a motor vehicle upon a public road while intoxicated, subsequent offense. The jury assessed the punishment at one year.

The appellant entered a plea of guilty before the jury which admitted all of the facts against him necessary to establish his guilt.

The sole contention on appeal is that the court erred in denying his motion for continuance because of an absent witness. He alleged that the absent witness would testify that she had been with the appellant during the evening in question and that he had drunk only a few beers. The record contains no subpoena for the witness and no motion for new trial because of her absence. See Thames v. State, Tex.Cr.App., 453 S.W.2d 495.

It is not necessary to pass upon this question, because the appellant's plea of guilty admitted the facts against him and he waived any error he might have had for the refusal to grant the continuance. Had he wanted to take advantage of this alleged error, he should have entered a plea of not guilty.

"A plea of guilty, if voluntarily and understandingly made (before a jury), is conclusive as to the defendant's guilt and waives all non jurisdictional defects including claimed deprivation of federal constitutional due process. Hoskins v. State, Tex.Cr.App., 425 S.W.2d 825; Law v. Beto, 5 Cir., 370 F.2d 369, cert. denied, 389 U.S. 863, 88 S.Ct. 123, 19 L. Ed.2d 132; Litton v. Beto, 5 Cir., 386 F. 2d 820; Bee v. Beto, 5 Cir., 384 F.2d 925." Fierro v. State, Tex.Cr.App., 437 S.W.2d 833.

See Gonzales v. State, Tex.Cr.App., 458 S.W.2d 926. See Ex parte Perry, Tex.Cr. App., 455 S.W.2d 214.[1]

No error is shown. The judgment is affirmed.

---

[1] In Killebrew v. State, Tex.Cr.App., 464 S.W.2d 838 (1971), this Court held that the trial court could not accept a plea of nolo contendere, which has the same effect as a plea of guilty in a criminal prosecution, with the understanding that they were preserving the right to appeal an adverse ruling on a motion to suppress.

If such questions cannot be preserved by agreement, it follows that they should not be preserved without an agreement.