**Johnny R. SALINAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45299.**

Court of Criminal Appeals of Texas.

April 12, 1972.

---

Joe P. Smyer, San Antonio (On Appeal Only), for appellant.

Ted Butler, Dist. Atty., Charles Albidress, Robert H. Spicer and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for possession of heroin. The court assessed punishment at eight years.

On November 13, 1969, San Antonio police and a federal narcotics officer arrested appellant in the possession of eleven capsules plus approximately two ounces of loose heroin. On April 2, 1970, appellant was arraigned and he pled not guilty. After a hearing on June 22, 1970, appellant's motion to suppress was overruled. Jury selection began on July 8, 1970, and was terminated the following morning when appellant changed his plea from not guilty to guilty. Appellant waived his right to a jury, was properly admonished according to Article 26.13, Vernon's Ann. C.C.P., and evidence was properly admitted pursuant to Article 1.15, V.A.C.C.P. The court found appellant guilty based upon sufficient evidence and set punishment at eight years. On August 6, 1970, appellant was sentenced and gave notice of appeal in open court.

In his brief, appellant's court-appointed attorney on appeal contends only that the trial court erred in overruling his motion to suppress. Appellant's pro se brief asserts this and other alleged errors. Among the latter he contends that no evidence was introduced to support his guilty plea, the record on appeal was incomplete, and denial of effective counsel on appeal. The record supports none of these contentions and a plea of guilty waives all non-jurisdictional defects where that plea is properly entered.[1] See Durham v. State, Tex.Cr.App., 466 S.W.2d 758; Soto v. State, Tex.Cr.App., 456 S.W.2d 389; Fierro v. State, Tex.Cr.App., 437 S.W.2d 833.

1. Upon a plea of guilty before the court, an accused must be admonished and sufficient evidence introduced.

While no attempt was made to do so, a plea of guilty or nolo contendere cannot be made and at the same time preserve the right to appeal an adverse ruling on a motion to suppress. Killebrew v. State, Tex. Cr.App., 464 S.W.2d 838.

No error is shown. The judgment is affirmed.

ONION, P. J., concurs in the result.