**Oda Vaughn CLEVELAND, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 62153.

Court of Criminal Appeals of Texas, Panel No. 1.

Oct. 31, 1979.

J. Thomas Sullivan, court appointed counsel on appeal only, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, G. J. Muller and Stewart Robinson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS, and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for unlawful possession of a controlled substance, to-wit: heroin, wherein the punishment was assessed by the court at ten (10) years' imprisonment following his guilty plea.

Appellant contends the trial court erred in overruling his motion to suppress evi-

dence of a search and seizure and in accepting his plea of guilty where the evidence disclosed an impropriety in the securing of the search warrant.

The record reflects that after the motion to suppress was overruled the appellant on November 13, 1978 entered a guilty plea before the court. It was established that there was no plea bargain and no recommendation was made to the court. Sentence was imposed and notice of appeal was given.

It has long been held that by entering a plea of guilty the defendant waives the error, if any, in admitting evidence obtained as a result of an alleged search and seizure. *Helms v. State,* 484 S.W.2d 925, 927 (Tex. Cr.App.1972), and cases cited. This rule has been applied to cases where pretrial motions to suppress have been overruled and the defendant later enters a plea of guilty.

Appellant relies upon Article 44.02, V.A. C.C.P., as amended 1977, in effect at the time of appellant's plea of guilty, which reads:

"A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter." [Acts 1977, 65th Leg., p. 940, ch. 351, § 1, eff. Aug. 29, 1977.]

In *Ferguson v. State,* 571 S.W.2d 908 (Tex.Cr.App.1978), it was held that a defendant who had personally entered into a plea bargain prior to his guilty plea before

the court and whose punishment was assessed in accordance with said plea bargain could still appeal without the trial court's permission but only as to the matters raised by motions filed and heard prior to trial in light of the provisions of said Article 44.02.

Appellant therefore contends that the court's ruling on the motion to suppress in the instant case should be considered on appeal as Article 44.02, as amended 1977, indicates the legislative intent to "reverse" the line of cases represented by *Helms v. State,* supra. We do not agree. By its very language, Article 44.02, supra, does not limit appeals in cases, such as the instant one, where the defendant pleads guilty before the court without a plea bargain and recommendation as to punishment. We conclude that the *Helms* line of cases still applies to appeals such as the instant one. The trial court's ruling on the motion to suppress is not before this court for review.

Further, we note the contention now raised on appeal was not raised at the hearing on the motion to suppress or at the time of the guilty plea and would not normally present anything for review. It is appellant's contention that the copies of the search warrant attached to his motion to suppress and the one introduced by the State at the hearing on the motion to suppress, while identical in content, reflect that the copies were not made from the same original, as the signature of the magistrate on one protruded into and over the printed matter in one copy and did not in another, etc. He thus argues that there must have been two search warrants issued based upon a single affidavit. He cites no authority rendering the search invalid if in fact two search warrants were issued. The State argues that it is clear that Xerox copies were made of the search warrant prior to the search and that the search warrant and a copy thereof were independently signed by the magistrate, accounting for the slight difference in the magistrate's signature. Be that as it may, we know of no require-

ment that only the original search warrant be issued and that no copy of the same be made and signed by the magistrate or used by the officers or later introduced into evidence.

Still further, we cannot conclude the court erred in accepting the guilty plea upon a ground not then urged. Appellant's contention is overruled.

■ Next, appellant contends the court erred in overruling the motion to suppress and accepting the plea of guilty since the supporting affidavit to the search warrant was irregular on its face. For the same reasons set out above, the contention is not before us for review in light of appellant's guilty plea. Further, the irregularity now urged was not presented to the trial court at the hearing on the motion to suppress or otherwise, and the plea of guilty was voluntarily entered. Still further, the irregularity now complained of would not invalidate the search. Appellant complains that in the search warrant affidavit the officer-affiant swore the premises were in control of a man named Otis, "known to the affiant as 'Big O,'" and elsewhere in the affidavit swore that the informant knew the man as "Big O." Appellant claims there is no showing how the affiant acquired the information that the man was also known as Otis. Reading the affidavit as a whole, there is no merit to appellant's contention.

Lastly, appellant contends the trial court erred in assessing punishment in considering evidence of an offense for which appellant was not charged. Appellant bases his contention on the fact that the trial court interrogated the appellant at the conclusion of his testimony. On direct examination the appellant, who had been previously convicted of robbery, admitted the heroin found was his, that he had been involved in distribution of drugs and had become addicted to heroin, that he was overcoming his addiction. The court then interrogated about the street value of the two grams of heroin found in his possession, which the appellant claimed was part of his "withdrawal thing," asked how many "hits" were in a gram of heroin, how many "hits" a day appellant was using, etc.

■ It is observed that appellant first testified about his involvement in the distribution of drugs and his addiction. The court's questions were relative to the evidence the appellant first brought out. We see no error in the court's interrogation. Further, there is nothing to show that the court took into consideration the evidence the court elicited on its own examination and thereby increased the punishment assessed. If for any reason the evidence elicited was inadmissible, it is presumed that the trial court will consider only proper and admissible evidence. *Jimmerson v. State*, 561 S.W.2d 5 (Tex.Cr.App.1978).

The judgment is affirmed.