**Ex parte David Bauer STERLING.**

**No. 61453.**

Court of Criminal Appeals of Texas,
En Banc.

March 5, 1980.

F. James Baker, III, Gwendolyn Faye Guinn, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Douglas M. O'Brien, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

### OPINION

W. C. DAVIS, Judge.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, Vernon's Ann.C.C.P.

The petitioner contends that he was wrongfully denied his right to appeal. We agree. The record reflects that on December 13, 1978, the petitioner and a co-defendant[1] entered pleas of nolo contendere to the offense of theft. The State introduced into evidence the petitioner's waiver of his right to a jury trial, his written stipulation of evidence, and a penitentiary packet. When the State rested, petitioner's counsel said that petitioner would offer no proof, "except we ask that a pre-sentence investigation be conducted concerning defendant Sterling." The court then found petitioner guilty of the offense and ordered the pre-

be assessed by the court either upon or without evidence, at the discretion of the court."

1. Pursuant to a plea bargain agreement, the co-defendant was placed on probation for ten years.

sentence investigation. On January 18, 1979, a hearing was held on the pre-sentence investigation, and the judge assessed punishment at ten years confinement. When petitioner was sentenced on January 29, 1979, the court denied his notice of appeal because he had entered a plea of nolo contendere. The judge stated,

"Until such time as the Court of Criminal Appeals says Article 44.02 does not apply to all pleas of guilty but only to those pleas of guilty where there has been a plea bargaining, I have not been giving permission to appeal."

Article 44.02, supra, provides:

"A defendant in a criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, *assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney* may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeal pursuant to Article 44.17 of this Chapter." (Emphasis added)

There is no evidence in the record to indicate that a plea bargain agreement was made, or that such was followed by the trial court. Consequently, this is not a case under Article 44.02, supra, where the accused must have the trial court's permission to appeal. See *Decker v. State,* 570 S.W.2d 948 (Tex.Cr.App.1978). We find that the petitioner is entitled to an out-of-time appeal. The cause is remanded to the trial court to proceed in accordance with Article 40.09, Vernon's Ann.C.C.P.

The relief prayed for is granted.