**Ex parte Timothy Dale DONOHUE, Appellant.**

**No. 64385.**

Court of Criminal Appeals of Texas, En Banc.

May 14, 1980.

Paul G. Johnson, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

This is a post-conviction habeas corpus proceeding brought pursuant to the provisions of Art. 11.07, V.A.C.C.P.

The petitioner seeks relief asserting that the indictment under which he was convicted does not allege an offense against the laws of this State; therefore, the trial court did not have jurisdiction and the judgment of conviction is void. We agree and grant the requested relief.

On January 30, 1978, the second count of the indictment which alleged the offense of burglary with the intent to commit theft was abandoned by the State, and the petitioner was found guilty of the allegations in count one of the indictment. There it was alleged in pertinent part that the petitioner on September 7, 1976,

"did then and there unlawfully with intent to commit deviate sexual intercourse, enter a habitation not then open to the public, owned by P_____ O_____ F_____ [a female name] hereinafter styled the Complainant, without the effective consent of the Complainant, and committed the offense of deviate sexual intercourse."

A person commits the offense of burglary if without the effective consent of the owner he enters a habitation with the intent to

commit a felony. V.T.C.A. Penal Code, Sec. 30.02(a)(1) and a person commits the offense of burglary if without the effective consent of the owner he enters a habitation and commits or attempts to commit a felony. V.T.C.A. Penal Code, Sec. 30.02(a)(3).

A person commits the felony offense of "sexual abuse" if without the other person's consent and with the intent to arouse or gratify the sexual desire of any person the actor engages in deviate sexual intercourse with the other person, not his spouse whether the other person is of the same or opposite sex. V.T.C.A. Penal Code, Sec. 21.-04(a)(1).

Under the former penal code (1925) in an indictment for burglary with the intent to commit a felony it was necessary to set out the constituent elements of the felony which the State charged the accused intended to commit. E. g. *Williams v. State*, 505 S.W.2d 838 (Tex.Cr.App.1974); *Mitchell v. State*, 118 Tex.Cr.R. 77, 37 S.W.2d 1018 (1931). However, under the new penal code (1974):

> "In *Ex parte Cannon*, Tex.Cr.App., 546 S.W.2d 266 (delivered Nov. 10, 1976), we held that an indictment for burglary under V.T.C.A. Penal Code, Sec. 30.02(a)(1) or (a)(2), need not allege that the entry was with the intent to commit theft or a named felony, provided it alleges instead the elements of the felony or theft in the indictment. On the other hand, it is not necessary to allege the elements of the felony or theft if the indictment specifically states that the entry was with the intent to commit theft or a specifically named felony. See *Gonzales v. State*, 517 S.W.2d 785 (Tex.Cr.App.1975)."

*Davila v. State*, 547 S.W.2d 606 (Tex.Cr.App.1977).

Under the new penal code (1974) an indictment which alleged the defendant intentionally and knowingly with intent to commit injury to a child entered a habitation which was not then open to the public, without the effective consent of the owner of the habitation was upheld. *Vaughn v. State*, 530 S.W.2d 558 (Tex.Cr.App.1976). There it was pointed out that the title or name of the offense "Injury to a Child" is a part of the original legislative act (Acts 1973, 63 Legislature, Chapter 399, Section 1) and of the new penal code. It was sufficient that the name given the offense by the Legislature "Injury to a Child" was alleged as the felony which the defendant intended to commit after making entry into the habitation.

■ The name given by the Legislature to the felony offense denounced by V.T.C.A. Penal Code, Sec. 21.04 is "Sexual Abuse." The indictment in this case does not allege that the petitioner entered the habitation with the intent to commit the felony of "Sexual Abuse" nor does it allege that the petitioner committed the offense of "Sexual Abuse." If the named offense "Sexual Abuse" had been alleged in the indictment rather than "deviate sexual intercourse" it would have alleged an offense. *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App.1976); *Davila v. State*, supra.

As an alternative to alleging the petitioner entered the habitation with the intent to commit or that he did commit the felony of "Sexual Abuse," the elements of that offense could have been alleged. *Ex parte Cannon*, supra; *Davila v. State*, supra; *Daniels v. State*, 573 S.W.2d 21 (Tex.Cr.App.1978).

■ Since the indictment failed to allege by name the offense which the petitioner intended to commit or did commit it was necessary that each constituent element of the alleged offense be alleged. The indictment does not allege all of the constituent elements of the offense of sexual abuse since it omits at least one element of the offense, that is that the deviate sexual intercourse was without the consent of the other person.

The indictment, which will be dismissed, is insufficient to allege an offense; therefore the court did not have jurisdiction of the cause. The judgment is void and it will be set aside.

It is so ordered.