**Avan KING, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–82–093–CR.**

Court of Appeals of Texas,
Fort Worth.

June 2, 1982.

Rehearing Denied June 23, 1982.

Kelsey, Wood, Gregory, Duncan & Holt and M. P. Duncan III, Denton, for appellants.

Jerry Cobb, Dist. Atty., and Freddie D. Marsh, Asst. Dist. Atty., Denton, for appellees.

Before HUGHES, HOLMAN and RICHARD L. BROWN, JJ.

OPINION

HOLMAN, Justice.

This matter is before us on motion to permit a late notice of appeal. V.A.C.C.P. art. 44.08(e).

Movant was tried in 1980, by a jury in the 158th District Court, Denton County, and was convicted of delivery of cocaine.

His appeal to the Court of Criminal Appeals was dismissed because the record contained no notice of appeal (# 66,632, per curiam, Feb. 3, 1982).

We are presented with the movant's affidavit which states in pertinent part:

"I was found guilty by a jury upon my plea of guilty and punishment was assessed by the jury at six years in the Texas Department of Corrections.

Immediately after I was convicted I advised both of my lawyers that I wanted to appeal my case. I was assured by both of them that an appeal would be taken.

Thereafter, I retained both attorneys to make such appeal.

As a part of my appeal I was requested to pay for and did pay for what I understand to be the Statement of Facts.

Since my conviction I have spoken with my lawyers on many occasions and they have always told me that my case was on appeal and that it just takes a long time for the appellant courts to review cases.

I have never under any circumstances told anyone that I did not wish to appeal. On the contrary I have always said that I wanted to appeal. . . .

I have never had any legal training whatsoever and have relied exclusively upon my attorneys to properly represent me.

In addition, it is still my desire to appeal my conviction . . . ."

Affidavits of the two attorneys who represented the movant during his trial assert that they (a) were retained to represent him on appeal, (b) timely filed his Designation of Record which asked that his notice of appeal be included, (c) timely filed a brief in the Court of Criminal Appeals, (d) were unaware there was no notice of appeal in the record, (e) do not recall whether notice was orally given in open court, (f) inadvertently failed to realize the lack of notice until the appeal was dismissed and (g) had previously advised the movant that his appeal was perfected.

These assertions are verified by the prosecutor in his own affidavit, and he has not opposed the motion before us.

For good cause shown, this court is authorized to permit late filing of a notice of appeal. Art. 44.08(e), *supra*.

 We must conclude that, upon the facts, good cause has been shown, and movant has been denied reasonably effective assistance of counsel through no fault of his own.

The brief filed in support of the motion asserts that if permitted, an appeal will present an arguable meritorious issue challenging the sufficiency of his indictment. We may not consider that issue here.

The proper relief, therefore, is to grant an out of time appeal. *Ex Parte Banks*, 580 S.W.2d 348 (Tex.Cr.App.1979).

The motion is granted in order that the movant's appeal may be perfected to this court.