Eddie Joe MITCHELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–82–00010–CR.

Court of Appeals of Texas,
San Antonio.

March 16, 1983.

Jimmy Parks, San Antonio, for appellant.

Sam Millsap, Jr., Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction for the offense of burglary. Appellant was charged by indictment with the offense of burglary under Tex.Penal Code Ann. § 30.-02(a)(3) (Vernon 1974). He pled guilty before the court and the court assessed his punishment at sixteen years' confinement.

▇▇▇ In his ground of error number one, appellant contends that the court erred in overruling his motion to quash the indictment. In support of his contention appellant argues that the indictment did "not adequately apprise him of the identity of the individual upon whom the offense of aggravated sexual abuse was alleged to have been committed, and that the requisite culpable mental state that is necessary to be proven at the time of the illegal entry was not alleged." The State counters that appellant's ground of error is a complaint concerning a non-jurisdictional defect and, under the *Helms*[1] rule, it was waived by appellant when he voluntarily and understandably entered his plea of guilty. The State further contends that Tex.Code Crim. Pro.Ann. art. 44.02 (Vernon 1979) does not apply in this case because there was no plea bargain. The first issue to be determined by us in deciding this ground of error is whether the *Helms* rule applies. We agree with the State and find that there was no plea bargain as envisioned by art. 44.02[2] and hold that art. 44.02 is not applicable in this case and that the *Helms* rule applies. We must next determine whether the indictment is fundamentally defective.

▇▇▇ The indictment alleges, *inter alia,* that appellant "... did then and there intentionally and knowingly enter a habitation and therein attempted to commit and

committed the offense of aggravated sexual abuse, without the effective consent of Elida Rodriguez, the owner; ..."

The elements of the offense of burglary under Tex.Penal Code Ann. § 30.02(a)(3), *supra,* are as follows:

(1) a person

(2) intentionally or knowingly

(3) enters a habitation or building

(4) without the effective consent of the owner, and

(5) commits or attempts to commit a felony or theft.

*Davila v. State,* 547 S.W.2d 606, 608 (Tex. Cr.App.1977).

We agree with appellant that the indictment states none of the constituent elements of sexual abuse after the entry had been effectuated. The allegation of sexual abuse is not factually described but is alleged. We hold that the indictment is not fundamentally defective because it charges burglary under art. 30.02(a)(3). *Davila, supra; Ex parte Donohue,* 602 S.W.2d 265, 266 (Tex.Cr.App.1980).

▇▇▇ It is not necessary to allege the elements of the felony or theft if the attempted or committed felony is named or the indictment factually describes conduct constituting the attempted or committed felony. *Ex parte Cannon,* 546 S.W.2d 266 (Tex. Cr.App.1976); *Davila, supra; Donohue, supra.* An indictment charging burglary under Tex.Penal Code Ann. § 30.02(a)(3) that alleges that the accused committed theft or a named felony; or attempted to commit theft or a named felony is not fundamentally defective. *Davila v. State, supra* at 609; *Donohue, supra.*

The record clearly reflects that appellant voluntarily and understandably entered his plea of guilty and in any event appellant does not raise the issue of the voluntariness of his plea of guilty.

1. Where a plea of guilty is voluntarily and understandably made, all non-jurisdictional defects including claimed deprivation of federal due process are waived. *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Cr.App.1972).

2. This is true even though the court and State both used the words "plea bargain". The State agreed to dismiss a pending case but there was no recommendation as to punishment on the instant case.

We hold that having voluntarily and understandably entered a plea of guilty to the indictment, appellant waived any nonjurisdictional defects in the indictment. *Prochaska v. State,* 587 S.W.2d 726, 729 (Tex.Cr.App.1979); *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Cr.App.1972). Accordingly, appellant's ground of error number one is overruled.

In his second ground of error appellant contends that the trial court erred "by denying appellant effective assistance of counsel." In support of this contention, appellant argues that his counsel was rendered ineffective by the imposition of a forty-five minute time limit for individual voir dire questioning which gave his counsel only "a little more than one minute" to question each prospective juror, that an attempt was made by his counsel to prolong the voir dire, that the trial court acted unreasonably and it resulted in some unwanted jurors. This ground of error is without merit and is overruled.

The record reflects that after some of the State's evidence had been presented before the jury, appellant withdrew his plea of not guilty, executed a written jury waiver and after being duly admonished by the court, entered a plea of guilty before the court. Appellant has failed to show how any alleged error in jury selection rendered his counsel's assistance ineffective during his trial before the court. We hold that once appellant waived his right of trial by jury and proceeded before the court on his plea of guilty, any alleged error in the jury selection process was waived.

The judgment of conviction is affirmed.