**Avan KING, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–82–093–CR.**

Court of Appeals of Texas,
Fort Worth.

July 27, 1983.

**619**

M.P. Duncan, III, Kelsey, Wood, Gregory, Duncan & Holt, George A. Preston, Jackson & Levy, Denton, for appellant.

Freddie Dean Marsh, Asst. County Atty., Denton, for appellee.

Before FENDER, C.J., and ASHWORTH and SPURLOCK, JJ.

## OPINION

SPURLOCK, Justice.

Appellant, Avan King, was convicted of delivery of cocaine. Tex.Rev.Civ.Stat.Ann. art. 4476–15. He pled guilty to a jury and they assessed punishment at six (6) years imprisonment. King's original appeal to the Court of Criminal Appeals was dismissed because the record contained no notice of appeal. (*See* 629 S.W.2d 956 [Tex. Cr.App.1982]). Subsequently, the legislature gave criminal jurisdiction to the Court of Appeals, Second Supreme Judicial District, and King presented a motion to permit a late notice of appeal. We granted King an out of time appeal in this case (*See* 634 S.W.2d 794 [Tex.App.—Fort Worth, 1982]).

We reverse and dismiss the indictment.

King alleges that the trial court erred in failing to quash the indictment: (1) which

failed to give him the requisite notice contemplated by Tex. Const. art. I, sec. 10, and by the sixth amendment of the United States Constitution, and (2) which did not allege the offense in such specificity as would serve as an adequate bar to future prosecutions. He also contends that the trial court erred in (3) admitting evidence of an extraneous offense during the punishment phase of trial.

The indictment states that King "did then and there knowingly and intentionally deliver to James D. Humphreys a controlled substance, to wit: Cocaine". King presented a motion to quash to the court. (The substance of his argument is contained in footnote 1)[1]. The trial court denied this motion.

Subsequently, King pled guilty to a jury, submitting that he was eligible for probation. There was no plea bargain, nor did the trial court grant permission for King to appeal any of his pretrial motions.

The State takes the position that King has no ground to appeal to this court because his guilty plea to the charge contained in the indictment waived any error as to the sufficiency of the indictment, citing *Ferguson v. State,* 571 S.W.2d 908 (Tex. Cr.App.1978). Clifton Ferguson pled guilty in accordance with a plea bargaining agreement. He also judicially confessed that he had committed the offense as alleged against him in the indictment. Since he had received permission of the trial court to appeal his pretrial motion to suppress the evidence seized pursuant to a search warrant, the Court of Criminal Appeals held that it had jurisdiction to hear the appeal. However, his conviction was affirmed. The court held that his guilty plea and judicial confession, coupled with the fact that none

---

1. King's motion stated that: the indictment fails to set forth the offense in plain and intelligible words, in violation of Tex.Code Crim. Proc.Ann. art. 21.02 (Vernon 1966); the indictment fails to set forth with sufficient certainty the offense alleged in a manner that will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense, in violation of Tex.Code Crim. Proc.Ann. art. 21.04 (Vernon 1966); and, the word "deliver" has multiple nonsynonomous meanings as defined in Tex.R.Civ.Stat.Ann. art. 4476–15, and thus the term "delivered" does not provide sufficient notice to the defendant of precisely with what he is charged, and furthermore that the allegations of delivery in and of itself permits conviction on more than one set of circumstances and requires the accused to anticipate any and all such varying facts that the State might hypothetically seek to establish.

of the challenged evidence was used to support his conviction, operated to the effect that no error with respect to the challenged search was presented for appellate review. In the course of its opinion the Court of Criminal Appeals stated:

> "In *Helms v. State*, 484 S.W.2d 925 (Tex.Cr.App.), the Court wrote:
>
>> Appellant contends that the court was in error in admitting evidence obtained as the result of an illegal search and seizure. Where a *plea of guilty* is voluntarily and understandingly made, *all non-jurisdictional defects* including claimed deprivation of federal due process *are waived."* (at 910). (Emphasis added.)

The State urges this language before as controlling in the instant case.

Before deciding King's grounds of error, we must determine whether the right to appeal remains when the accused has entered his plea of guilty, absent any valid plea bargain. This question depends upon the interpretation given to Tex.Code Crim. Proc.Ann. art. 44.02 (Vernon 1979), which by its language, preserves the right of the accused to appeal written pretrial motions where a guilty plea has been entered pursuant to a valid plea bargaining agreement.

This issue was touched upon by the Court of Criminal Appeals in *Galitz v. State*, 617 S.W.2d 949 (Tex.Cr.App.1981). Galitz was appealing his motion to suppress evidence, rather than a motion to quash. He had entered his plea pursuant to a plea bargaining agreement, and had obtained permission of the trial court to appeal the legality of the search. The *Galitz* court found it necessary to attempt a full discussion of the law governing the right of appeal in cases tried before the court upon a plea of guilty. We believe the holding in *Galitz* should apply to the facts of this case.

In *Galitz,* the court held that the right to appeal is a statutory right and further said:

> "And so it was until 1977 that 'a defendant in *any* criminal action [had] the

right to appeal . . .' Article 44.02, V.A.C. C.P. But then this broad grant of the right to appeal was narrowed as regards would-be appellants who choose to enter pleas of guilty before the trial court and are sentenced within the terms of a plea bargaining agreement; for them new jurisdictional requisites were established by amendment, effective August 29, 1977 . . .

> "So in the *jurisdictional* sense, the present version of Article 44.02 restricts the previously unfettered appellate right of the instant class of appellants [fn. 8: However, *should the record reflect either no plea bargaining agreement, or no personal assent by the defendant to the recommendation of the prosecutor, or a plea to a jury, it follows that Article 44.02, may not operate to deny him his right to appeal to this Court.* (Citations omitted)]; but, as a matter of *appellate constraints,* that appellate right has been liberalized by the amendment. For example, a rule previously applicable was as stated in *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Cr.App.1972)." *Galitz,* at 951, 952.

■ We hold that article 44.02 deals with the right of appeal where a defendant has pled guilty, and that it contains some limitations to that right of appeal with respect to plea bargaining situations,[2] but that these limitations were not meant to be applicable where no plea bargain has occurred. The broad language of the first sentence of the article, "A defendant in *any* criminal action has the right of appeal . . ." (Emphasis ours.), followed by the aforementioned limitations of this right in plea bargaining situations, indicates that it was not the intent of the Legislature, in setting forth this statutory right of appeal, to provide an exclusive right of appeal only to those criminal defendants who choose to abide by a plea bargaining agreement. We find that article 44.02 was not intended to create an artificial distinction and limitation of the

---

**2.** Some further limitations are placed upon this right by other statutes, such as that concerning deferred adjudication.

right of appeal between the two forms of guilty pleas, whereby defendants who have plea bargained are afforded a greater right of appeal than those defendants who have simply pled guilty, wishing only to dispute pretrial jurisdictional or evidentiary matters delineated in *Ferguson, supra,* at 910.

■ We find that King, in accord with the holding in *Galitz,* has not forfeited his right to appeal those questions directed to the jurisdiction of the trial court.

King alleges that the indictment in his case was defective (see footnote 1, above). "It is well settled that a valid indictment, or information, if indictment is waived, is essential to the district courts' jurisdiction in a criminal case". *Garcia v. Dial,* 596 S.W.2d 524, 527 (Tex.Cr.App.1980). The question then arises whether the instant indictment, arguably defective in the light of a properly filed, written pretrial motion to quash, was sufficient to bestow jurisdiction upon the trial court to try the accused. We hold that this aspect of the appeal of King's motion to quash involves a jurisdictional question.

■ With respect to the jurisdictional question, we find that the instant indictment, although arguably defective as to notice, was sufficient to confer jurisdiction upon the trial court. It did allege the commission of the offense of delivery of a controlled substance. *Ferguson v. State,* 622 S.W.2d 846, 849 (Tex.Cr.App.1980).

Remaining for our review then is the allegation that this indictment failed to give adequate notice to the accused, which is not a jurisdictional question. The State argues the *Helms* rule (previously cited) precludes our review of all non-jurisdictional defects.

The "*Helms* rule" has been modified by the Court in *Craven v. State,* 613 S.W.2d

488, 489 (Tex.Cr.App.1981) (*See Kass v. State,* 642 S.W.2d 463, 465–466 (Tex.Cr.App. 1981).) We are convinced that this holding is indeed the general rule with respect to written pretrial motions pertaining to *suppression of evidence* allegedly the product of an illegal arrest and/or seizure. *See Wheeler v. State,* 628 S.W.2d 800, 802 (Tex. Cr.App.1982), *Cleveland v. State,* 588 S.W.2d 942, 944 (Tex.Cr.App.1979), and *Soto v. State,* 456 S.W.2d 389, 390 (Tex.Cr.App. 1970).

■ We find that the language used in *Helms* has become overbroad in application and was not intended to affect appeals of allegedly defective *indictments.* The true *Helms* rule, later adopted in *Cravens, supra,* was enunciated in *Ricondo v. State,* 634 S.W.2d 837, 843 (Tex.Cr.App.1982), as follows: "It has long been held that by entering a plea of guilty the defendant waives the error, if any, in admitting evidence obtained as a result of an alleged *search & seizure. Helms v. State,* 484 S.W.2d 925, 927 (Tex.Cr.App.1972), and cases cited." (Emphasis ours.) (from opinion on State's Motion for Rehearing).[3] *See also Stiggers v. State,* 506 S.W.2d 609 (Tex.Cr.App.1974).

The real gist of the *Craven, supra,* holding, as we held in *Smith v. State,* 629 S.W.2d 238, 240 (Tex.App.—Fort Worth 1982), "is that those persons pleading guilty do have a right to appeal written motions to quash filed prior to trial under V.A.C.C.P. art. 44.02 (1979); however, they must show that any defects of form prejudiced their substantial rights (See also our discussion in *Patterson v. State,* 628 S.W.2d 518 [Tex. App.—Fort Worth 1982] ). There was no statement of facts in the *Craven* record and it was for this reason that the court held

**3.** Even this interpretation may be overbroad: "[A]ppellant *did* file and present a motion to suppress, and his original brief and the one filed by counsel on his behalf addressed the issues raised by the motion (to suppress), albeit a futile endeavor. *But the motion having been filed, presented, heard and ruled on, provides appellate jurisdiction,* and, called on to do so, we have exercised it here." (Emphasis ours.)

*Mitchell v. State,* 586 S.W.2d 491, 496 (Tex.Cr. App.1979). The correct rule thus seems to be that the threshold question of whether an appellate court may review the denial of pretrial written motions, is a jurisdictional issue, and thus is *not* waived by a guilty plea, as the *Helms* rule is "that all *non*jurisdictional defects" are waived by a plea of guilty.

that it could not determine whether there was prejudice." [4]

This determination of whether there has been prejudice to the substantial rights of the accused derives from Tex.Code Crim. Proc.Ann. art. 21.19 (Vernon 1966), as follows:

> An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant.

The Court of Criminal Appeals has held: "*Cravens, supra,* also relied on the requirement of Art. 21.19, V.A.C.C.P., that prejudice to some substantial right of the accused be shown before an indictment is held insufficient. *The constitutional right to adequate notice of the charges against him from the face of the indictment is the substantial right invoked by filing a motion to quash for insufficient notice. Brasfield v. State,* 600 S.W.2d 288. To require evidence reflected in a statement of facts to establish insufficient notice is to ignore the requirement that notice appear on the face of the indictment. Examination of the indictment, not the evidence, is the ultimate test. *Craven v. State,* supra, is overruled." (Emphasis added.) *Jeffers v. State, supra.*

We therefore hold that King's guilty plea did not operate to preclude our review of the question of whether the instant indictment operated to prejudice King's substantial rights.

The test for deciding the sufficiency of an indictment in the face of a motion to quash for insufficient notice is to examine the indictment from the perspective of the accused. The sufficiency of the indictment to give adequate notice must be determined in the light of the presumption of innocence. *Drumm v. State,* 560 S.W.2d 944 (Tex.Cr.App.1977), *King v. State,* 594 S.W.2d 425, 426 (Tex.Cr.App.1980), *Jeffers, supra.*

Therefore, we reject the notion that a plea of guilty, having operated to admit one's guilt to the allegations of an indictment, and in this case, also having precluded the offer of any evidence by the accused to substantiate his assertion that the indictment failed to give him sufficient notice, waives any error as to insufficient notice given by that indictment. Examination of the indictment, not the plea entered to it, is the test by which to judge assertions of insufficient notice raised by a written, pretrial motion to quash.

The Court of Criminal Appeals has recently observed that:

> In *Ferguson,* (622 S.W.2d 846), the defendant maintained the court erred in denying his motion to quash an indictment alleging the delivery of heroin. The defendant argued that he was entitled to notice of which type of delivery the State would rely upon to prove the allegations of the indictment. This Court found that the court erred in denying the motion to quash and stated:
>
>> "In the present case, while 'delivery' is statutorily defined, the statute does not present a single definition. Rather, the definition allows three different and distinct ways of establishing the accused's criminal conduct. This is not like the situation of requesting the type of 'owner' to be alleged, for in that situation, as was stated above, the specific allegation would not affect the defendant's defense preparations. Here, however, 'delivery' is the very heart of the offense. Which type of 'delivery' the State will attempt to prove would be critical to the appellant's defense. The 'delivery' is the act by the appellant which constitutes the criminal conduct.
>>
>> [I]t is clear that even though an act or omission by a defendant is statutorily defined, if that definition provides for more than one manner or means to commit that act or omission, then upon

---

4. We observe that this aspect of the holding of *Craven* has been overruled. *Jeffers v. State,*

646 S.W.2d 185 (Tex.Cr.App.1981).

timely request, the State must allege the particular manner or means it seeks to establish." *Kass v. State,* 642 S.W.2d 463, 469 (Tex.Cr.App.1983).[5]

■ We therefore hold that the instant indictment was defective as to notice, and that this defect prejudiced King's substantial rights. *Jeffers, supra.* The trial court erred in overruling King's written, pretrial motion to quash the indictment, and we sustain King's first ground of error.

■ King also maintains that the indictment did not allege the offense in such specificity as would serve as an adequate bar to future prosecutions. We agree.

The court in *Ferguson* went on, as it did in *Kass,* to hold that:

> [T]he indictment, in light of appellant's timely request, did not provide adequate notice to the appellant of the charges against him. Additionally, the indictment in the present case would not serve as an adequate bar to future prosecutions. It would be possible for several different "delivery" offenses to be encompassed by this indictment ... We conclude that the indictment fails to adequately serve as a bar to future prosecutions.
>
> Since the indictment fails to give adequate notice and will not serve as a bar to future prosecutions, the trial court erred in denying the appellant's motion to quash. *Ferguson,* at 851.

Ground of error two is sustained.

"We conclude the court erred in overruling appellant's motion to quash. Under such circumstances the information will be dismissed. See *Brasfield v. State,* 600 S.W.2d 288 (Tex.Cr.App.)." *Kass* at 470.

As we find merit to King's first two grounds of error, we will not address King's third ground of alleged error.

We reverse and dismiss the indictment.

---

5. The careful reader of the *Kass* opinion will note some confusion; it appears to us that the cause numbers have been switched at some point in the opinion. We think that the portion of the opinion quoted refers to the case in which Ms. Kass pled not guilty, although the cause number in the subheading "Opinion on State's Motion for Rehearing in No. 65498" (at 468) refers to the cause number (65,498) in which Ms. Kass pled guilty. Cause number "65365" is the one in which Ms. Kass pled not guilty and was tried before a jury. *See Kass, supra,* fn. 2 (at 464) and fn. 1 of dissent (at 467).