**Avan KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 860–83.**

Court of Criminal Appeals of Texas, En Banc.

April 10, 1985.

George A. Preston, M.P. Duncan, III, Denton, for appellant.

Jerry Cobb, Dist. Atty. & Fred Marsh, Asst. Dist. Atty., Denton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted of delivery of a controlled substance, to-wit: cocaine. See Article 4476-15, § 1.02(8), V.A.C.S. The punishment was assessed by the jury, upon appellant's plea of guilty, at six (6) years' imprisonment.

The indictment alleged in pertinent part that appellant King on or about January 17, 1980, "did then and there knowingly and intentionally deliver to James D. Humphreys a controlled substance, to wit: cocaine...."

Appellant filed a motion to quash the indictment alleging it failed to set forth the offense in plain and intelligible words in violation of Article 21.02, V.A.C.C.P., and without sufficient certainty to be able to plead any judgment in bar of further prosecution for the same offense in violation of Article 21.04, V.A.C.C.P. Said motion alleged the indictment failed to define "delivery" as actual or constructive transfer or as an offer to sell and did not give sufficient notice. The motion was denied on May 12, 1980. The next day the appellant entered a plea of guilty to the indictment before a jury.[1] There was no plea bargain. Humphreys, an undercover agent of the Texas Department of Public Safety, testified that on January 17, 1980, he went to appellant's home in Lewisville. Appellant invited him in and sold him cocaine for $100.00. The cocaine was in the kitchen on a mirror and appellant hand delivered the cocaine to Humphreys. A chain of custody was established, and the chemist testified the substance was cocaine. Appellant testified and made a judicial confession. The record reflects on direct examination:

"Q All right, now, Mr. King, on the 17th day of January, 1980, did you deliver to Mr. Humphreys the cocaine that I think Mr. Valdez (chemist) brought in?

"A Yes, sir.

"* * *

"Q Do you have any quarrel with the testimony that the State presented through Mr. Humphreys as to the fact that you did sell him this cocaine?

"A No, sir."

Thereafter the jury returned the verdict assessing punishment. Judgment and sentence were entered. No notice of appeal was given.

An appellate record reached the Court of Criminal Appeals on December 22, 1980. On February 3, 1982, the attempted appeal was dismissed for want of jurisdiction.

1. A plea of guilty to a felony charge before the jury admits the existence of all necessary elements to establish guilt, and in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. *Darden v. State,* 430 S.W.2d 494, 495 (Tex.Cr.App.1968); *Renesto v. State,* 452 S.W.2d 498 (Tex.Cr.App.1970); *Brinson v. State,* 570 S.W.2d 937 (Tex.Cr.App.1978).

The Court did not find any notice of appeal, oral or written, in the record as required by Article 44.08, V.A.C.C.P. See *King v. State*, 629 S.W.2d 956, a per curiam panel opinion. On May 4, 1982, the mandate of the Court of Criminal Appeals was issued. The felony conviction became final.

Subsequently the appellant requested permission of the Ft. Worth Court of Appeals to give belated notice of appeal, see Article 44.08(e), V.A.C.C.P., as amended in 1981, the Courts of Appeals having acquired criminal jurisdiction effective September 1, 1981. Article V, § 6, Tex. Const., as amended in 1981.

The Ft. Worth Court of Appeals granted permission to give belated notice of appeal on June 2, 1982. *See King v. State*, 634 S.W.2d 794 (Tex.App.—Ft. Worth 1982). Thereafter notice of appeal was given on June 14, 1982.

On appeal appellant raised the same contentions advanced before the Court of Criminal Appeals. He urged, inter alia, that the trial court erred in overruling his motion to quash the indictment in that the indictment failed to give him notice of the charge against him as contemplated by Article I, § 10, Tex. Const., and the Sixth Amendment, United States Constitution, and did not allege the offense with such specificity as to serve as an adequate bar to future prosecution for the same offense in the event of conviction.[2]

The Court of Appeals reversed appellant's conviction and dismissed the indictment, holding the trial court erred in overruling the motion to quash the indictment.

*King v. State*, 656 S.W.2d 617 (Tex.App.—Ft. Worth 1983).

In so holding, the Court of Appeals had to wrestle with the question of whether appellant retained his right to appeal the ruling on the motion to quash in view of his guilty plea absent a valid plea bargain. The court was confronted with the so-called *Helms* rule and the 1979 amendment to Article 44.02, V.A.C.C.P. In *Helms v. State*, 484 S.W.2d 925 (Tex.Cr.App.1972), it was held that where a plea of guilty is voluntarily and understandably made, all non-jurisdictional defects including claimed deprivation of federal due process are waived. See also *Fierro v. State*, 437 S.W.2d 833, 834 (Tex.Cr.App.1969); *Soto v. State*, 456 S.W.2d 389 (Tex.Cr.App.1970); *Salinas v. State*, 478 S.W.2d 538 (Tex.Cr. App.1972); *Cantu v. State*, 546 S.W.2d 621 (Tex.Cr.App.1977); *Prochaska v. State*, 587 S.W.2d 726, 728 (Tex.Cr.App.1979).[3]

In 1979 the Legislature amended Article 44.02, supra. The broad right of a defendant in a criminal case was retained, but narrowed in those cases where the defendant entered a guilty plea before the trial court and his punishment was assessed within the terms of a plea bargain agreement. In such cases the defendant has no right of appeal without the permission of the trial court except as to rulings on pretrial motions raised prior to trial.[4]

The Court of Appeals believed *Helms* to be overbroad and that it had been modified by recent decisions and not applicable to allegedly defective indictments, and that while Article 44.02 placed some limitations on the right to appeal with respect to plea

---

**2.** It is observed that on appeal the appellant urged the court erred in overruling his motion to quash on the basis of the federal and state constitutions rather than the state statutory provisions set forth in his motion to quash.

**3.** The "*Helms* Rule" was first recognized in *Hoskins v. State*, 425 S.W.2d 825, 829–830 (Tex.Cr. App.1968), as originating in *Bee v. Beto*, 384 F.2d 925 (5th Cir.1967).

**4.** Article 44.02, supra, provides:
"A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the de-

fendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter." (Acts 1977, 65th Leg., p. 940, ch. 351, § 1, eff. August 29, 1977.)

bargaining situations, the limitations were not meant to be applicable where no plea bargain occurred. The court found the appeal was properly before it. The Court of Appeals then found that while the indictment was sufficient to confer jurisdiction upon the trial court, it was deficient as to notice in view of the motion to quash. The court found the trial court erred in overruling the motion to quash citing *Ferguson v. State*, 622 S.W.2d 846 (Tex.Cr.App.1980).

We granted the State's petition for discretionary review to determine the correctness of the decision of the Court of Appeals.

We commence by turning to the 1977 amendment to Article 44.02, the legislative history of which has been previously discussed. *Ex parte Morgan*, 688 S.W.2d 504 (Tex.Cr.App.1985) (Dissenting Opinion).

Article 44.02 as originally enacted in 1965 was left intact. Thus most of the former procedures were left undisturbed. A defendant convicted upon his plea of not guilty before the court or jury still retains the right to appeal at his option. By his not guilty plea a defendant still preserves the right of appellate review of the rulings on his pre-trial motions if convicted.

■ A defendant who enters *a plea of guilty* or nolo contendere *without a plea bargain* either before the court or a jury still retains the right of appeal at his option. The former appellate procedure regarding such pleas (where there is no plea bargain) is not changed by the 1977 amendment to Article 44.02. *Decker v. State*, 570 S.W.2d 948 (Tex.Cr.App.1978); *Cleveland v. State*, 588 S.W.2d 942 (Tex.Cr.App.1979); *Morgan v. State*, 608 S.W.2d 639, 641 (Tex. Cr.App.1980). See also *Mitchell v. State*, 648 S.W.2d 776 (Tex.App.—San Antonio 1983).

In *Prochaska v. State*, 587 S.W.2d 726, 729 (Tex.Cr.App.1979), this Court, speaking through Judge Clinton, wrote:

"Yet, whatever the reasoning, the Legislature conditioned a departure from the *Helms* rule in two restrictive respects:

one, that there be a negotiated recommendation as to punishment and, two, that the punishment actually assessed by the trial court not exceed the recommendation. In these circumstances permission of the trial court to appeal is not required 'on those matters which have been raised by written motion prior to trial.' Given this limited abrogation of the *Helms* rule by the Legislature, we must reluctantly conclude that *the rule remains viable in a case where a plea bargain has not been reached.*" (Emphasis supplied.)

In *Cleveland v. State*, supra, this Court stated at p. 944:

"Appellant therefore contends that the court's ruling on the motion to suppress in the instant case should be considered on appeal as Article 44.02, as amended 1977, indicates the legislative intent to 'reverse' the line of cases represented by *Helms v. State*, supra. We do not agree. By its very language, Article 44.02, supra, does not limit appeals in cases, such as the instant one, where the defendant pleads guilty before the court *without a plea bargain* and recommendation as to punishment. *We conclude that the Helms line of cases still applies to appeals such as the instant case.* The trial court's ruling on the motion to suppress is not before this court for review." (Emphasis supplied.)

In *Kass v. State*, 642 S.W.2d 463 (Tex.Cr. App.1981), this Court stated:

"Since the record fails to reflect that the plea in the instant case was a negotiated plea bargain, appellant's plea of guilty *waived her right to complain of the court's actions in overruling the motion to quash....*"

Unless a defendant can bring himself within the amendment to Article 44.02, the 1977 provisions thereof do not apply. See *Morgan v. State*, supra; *Prochaska v. State*, supra. Thus, should the record reflect either no plea bargaining agreement or *a plea to a jury*, it follows that the defendant is not within the amendments to Article 44.02. See, e.g., *Ex parte Sterling*,

595 S.W.2d 536 (Tex.Cr.App.1980); *Decker v. State, supra; Prochaska v. State, supra; Cleveland v. State, supra; Wheeler v. State,* 628 S.W.2d 800 (Tex.Cr.App.1982).

The Court of Appeals has misconstrued Article 44.02 and the legislative intent. There is a distinction between the cases where there is a plea bargain and cases where there is no plea bargain. Further, the Court of Appeals is in error in concluding that the *Helms* rule applies to rulings on some pre-trial motions and not others depending on the nature of the motion.

■ Still further, the Court of Appeals has overlooked the fact that in the instant case there was a plea of guilty *before a jury* which is another reason the 1977 amendments to Article 44.02 are not here applicable. The *Helms* rule applies to this guilty plea before a jury [5] where there was no plea bargain. The plea being voluntarily and understandably made waived all non-jurisdictional defects. Appellant thus waived any right to appeal the ruling on the motion to quash the indictment. See *Kass v. State, supra.*

Nothing in *Ex parte Morgan,* 688 S.W.2d 504 (Tex.Cr.App.1985), calls for a different result.

The judgment of the Court of Appeals is reversed, and the cause remanded for consideration of appellant's other grounds of error.

CLINTON, Judge.

In *Dees v. State,* 676 S.W.2d 403 (Tex.Cr. App.1984) I traced the rule in *Helms v. State,* 484 S.W.2d 925 (Tex.Cr.App.1972) to its source in the jurisprudence of the Fifth Circuit. My purpose was to identify it as a federal rule most often applied to review of state convictions in federal habeas cases, and to argue that it should not control the effect of guilty pleas in felony cases in state courts. *Dees,* supra, at 406–407. However, now that the majority persists in the notion that the *Helms* rule is alive and well in the criminal law jurisprudence of this State, I would point out that when it first undertook to import that federal rule into our local law, the Court left a significant part of the rule behind.

*White v. Beto,* 367 F.2d 557 (CA5 1966) is the oldest case cited by the Fifth Circuit Court of Appeals in *Bee v. Beto,* 384 F.2d 925 (CA5 1967), although it is certainly not the first in time. See precursors cited and alluded to in *Dees,* supra, at 406. *White v. Beto,* supra, makes a complete statement of the rule, *viz:*

> "The guilty plea under the circumstances is conclusive as to defendant's guilt, admits all the facts charged and waives all non-jurisdictional defects *in the prior proceedings.*"

*White,* at 558.[1] The importer left behind the underscored words.

More recently in *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), the Supreme Court of the United States reviewed its prior germane decisions and, after restating what a federal habeas proceeding is all about,[2] concluded:

> "We thus reaffirm the principle recognized in the Brady triology: a guilty plea represents a break in the chain of events which preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred *prior to the entry of the guilty plea.* He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from

---

**5.** It has been held that the *Helms* rule applies to guilty pleas before the jury as well as before the court. *Pruitt v. State,* 476 S.W.2d 693 (Tex.Cr. App.1972); *Carpenter v. State,* 477 S.W.2d 22 (Tex.Cr.App.1972).

**1.** All emphasis is mine unless otherwise indicated.

**2.** "The focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an *antecedent* constitutional infirmity." *Id.,* at U.S. 266.

counsel was not within the standards set for in McMann." *Id.*, at U.S. 267, 93 S.Ct. at 1608.[3]

The reason this federal waiver rule is applicable only to "prior proceedings" advancing a guilty plea is simply that an accused cannot waive a defect in proceedings that have not yet occurred. That is to say, one may not intentionally relinquish or abandon a violation of due process that is still unknown because it has not happened. For example, in our jurisdiction a guilty plea before the trial court does not waive the requirement that sufficient evidence be presented by the prosecution to show guilt. *Thornton v. State*, 601 S.W.2d 340, 343 ff (Tex.Cr.App.1980) (Opinion on Rehearing). Nor would a plea of guilty before a jury waive the requirement that the court properly charge the jury on issues of punishment in the case. See *Gordon v. State*, 633 S.W.2d 872, 877–878 (Tex.Cr.App.1982).

Therefore, I merely join the judgment of the Court.

TEAGUE, Judge, dissenting.

After having carefully read what the majority states on pages 2 and 3 of its majority opinion, and also taking into consideration what the record of appeal reflects, but further finding that this Court does not simply grant the State's Petition for Discretionary Review in order for this Court to enter a simple order to be published, to the effect that the Fort Worth Court of Appeals did not have jurisdiction to entertain appellant's motion to give late notice of appeal, which it granted, see *King v. State*, 634 S.W.2d 794 (Tex.App.1982), and thus should not have written on his case, I must not only register my dissent, but must exclaim, "Color me not only amazed, but do it in chartreuse."

It is now written in stone that this Court will always jealously guard its jurisdiction, and, but as reflected by this Court's past decisions, any court interfering or attempting to interfere with this Court's jurisdiction, or altering, modifying, or changing, or attempting to alter, modify, or change this Court's judgments, to put it quite bluntly, will obtain the wrath of this Court. When any court interferes with this Court's jurisdiction or its judgments, this Court will act much like how a folklore demon might act. For example, see *Curry v. Davis*, (No. 69,-252, July 25, 1984, Unreported Per Curiam Opinion); *Vance v. Hatten*, 508 S.W.2d 625, 628 (Tex.Cr.App.1974); *Wilson v. Briggs*, 171 Tex.Cr.App. 479, 351 S.W.2d 892, 894 (1961).

As the majority opinion clearly and correctly points out, appellant originally attempted to appeal his conviction to this Court. This Court, however, ordered the attempted appeal dismissed because the record of appeal did not contain any notice of appeal, either oral or written. On May 4, 1982, long after September 1, 1981, the mandate of this Court issued. For legal purposes, the appellant's conviction became a final conviction. Thereafter, except for ministerial matters, neither the trial court nor any appellate court had the power or authority to take any action other than in obedience to the mandate of this Court. See *Vance v. Hatten*, supra, at 628, and *Wilson v. Briggs*, supra, at 894.

Furthermore, the law of this State expressly provides that "After final conviction in any felony case, the [application for post-conviction] writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas." Art. 11.07, V.A. C.C.P. The law further, but expressly, provides that the procedure outlined in Art. 11.07, supra, is the exclusive felony post-conviction remedy in the courts of this

---

**3.** The *Brady* trilogy is comprised of *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) and *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970). However, even the federal habeas rule is not absolute; neither the trilogy nor *Tollett v. Henderson*, su-

pra, "stand for the proposition that counseled guilty pleas inevitably 'waive" all antecedent constitutional violations," *Menna v. New York*, 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 242, n. 2, 46 L.Ed.2d 195 (1975). Accord: *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). Therefore, if this Court is to follow it at all, we should not apply the rule "inevitably."

State, and governs all final felony convictions. *Ex parte Brown*, 662 S.W.2d 3 (Tex. Cr.App.1983). Thus, once a felony conviction has become final, only this Court has jurisdiction to consider post-conviction matters that might pertain to the conviction, and only this Court has jurisdiction to grant post-conviction relief. *Ex parte Ybarra*, 629 S.W.2d 943 (Tex.Cr.App.1982).

In this instance, the Fort Worth Court of Appeals was clearly in error in entertaining and acting upon appellant's motion to give late notice of appeal—because only this Court had jurisdiction to act upon that motion, which concerned a final felony conviction. Of course, the motion should have been processed pursuant to Art. 11.07, supra.

Art. 44.08(e), V.A.C.C.P., which gives authority to a court of appeals to grant late notice of appeal, did not give any court of appeals jurisdiction to act on matters over which this Court has exclusive jurisdiction. It is only when a court of appeals has exclusive jurisdiction over the case in the first place that it may then act pursuant to Art. 44.08(e), supra. In this instance, the court of appeals never had jurisdiction over appellant's appeal; this Court is the only court that ever had jurisdiction over that appeal. Thus, the court of appeals was without judicial authority or power to invoke the provisions of Art. 44.08(e), supra.

To the failure of a majority of this Court to simply grant the State's petition and then enter an order directing the court of appeals to withdraw the opinions that it has handed down in this cause, by published order, and dismiss this cause from its docket, I dissent with all of the vigor at my command.