## EX PARTE HOWARD B. STICKNEY

No. 34,220.   November 9, 1961

*Bob Looney, Brooks N. Holman,* and *Charles Burton,* Austin, for relator.

*Leon Douglas,* State's Attorney, Austin, for the state.

PER CURIAM.

This is a habeas corpus proceeding in behalf of Howard B. Stickney, under sentence of death pronounced in Harris County and affirmed by this Court.   Stickney v. State, 336 S.W. 2d 133. cert. denied.

The writ was issued by Hon. E. D. Salinas, Judge of the 111th Judicial District Court and made returnable before this Court. Judge Salinas heard the application in Webb County after he was requested to do so by Hon. Cullen F. Briggs, of Nueces County, whose eleventh hour order stayed the execution set for June 10, 1961.

Unlike previous applications and appeals in his behalf, the question here presented is not related to the guilt or innocence of the petitioner, or to any contention that he did not receive a fair and impartial trial, or to any claimed error in the trial.

Judge Salinas aptly states that the ground relied upon to stay the execution is "a legal technical ground."   It relates only to the fixing of the date for the execution of the death warrant.

Art. 798 V.A.C.C.P., provides that a sentence of death "shall be executed at any time before the hour of sunrise on the day set for the execution * * *."

Petitioner argues that by reason of this provision "execution day is over and past when the sun rises on the date set for an execution."

He contends that the Governor was deprived of authority to set a new date for the execution because of the stay granted by Judge Briggs and because no reprieve was recommended by the Board of Pardons and Paroles before sunrise on June 10, 1961; that a new date for the execution could be set only by the sentencing court, and that said court could not set a day less than 30 days from the day of such re-sentencing.

Petitioner's contentions are without merit.

Art. 956 V.A.C.C.P., provides that the Governor may "reprieve and delay the execution of the penalty of death to any day fixed by him in the warrant to the proper officer, and such warrant shall be executed and returned to the proper court as if it had been issued from such court."

Pursuant to said statute, and upon recommendation of the Board of Pardons required under the constitution, the Governor delayed the execution to June 10, 1961, and on that date by further reprieve fixed a new date.

We find no merit in the contention that the reprieve granted on June 10, 1961 was void because the Board of Pardons and Paroles did not recommend and the Governor did not grant said reprieve before sunrise, nor do we agree that the stay granted by Judge Briggs, on the application of petitioner, less than an hour before the day of execution began, deprived the Governor of authority to fix a new day for the execution of the death warrant.

The order of Judge Salinas staying the execution is set aside and the relief prayed for by petitioner is denied.

No motion for rehearing will be entertained.

The Clerk is directed to issue mandate forthwith.