THE STATE OF TEXAS EX REL, WILL WILSON, ATTORNEY GENERAL OF TEXAS, ET AL, RELATORS VS. CULLEN W. BRIGGS, DISTRICT JUDGE, RESPONDENT

No. 34,250. November 29, 1961

*Percy Foreman,* Houston, for respondent.

*Will Wilson,* Attorney General of Texas, Austin, *Frank Briscoe,* District Attorney, *Neil McKay, Samuel H. Robertson, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding.

This is an action seeking the issuance of Writ of Prohibition against the Respondent Cullen W. Briggs, Judge of the 117th Judicial District Court of Nueces County, Texas.

On January 29, 1959, Howard B. Stickney was convicted in Harris County, Texas, of murder and his punishment was assessed at death. The conviction was affirmed by this Court. Stickney v. State, 169 Tex. Cr. Rep. 533, 336 S.W. 2d 133, certiorari denied, 363 U.S. 807.

Mandate issued June 18, 1960, and sentence was pronounced in the trial court on June 27, 1960, to be executed on August 12, 1960.

Following various habeas corpus proceedings, during which Howard B. Stickney had received a number of stays of execution and reprieves, the execution of the death warrant was scheduled to be carried out before sunrise on June 10, 1961.

At 11:15 P.M. on June 9, 1961, the Respondent Cullen W. Briggs, Judge of the 117th District Court, enjoined the execution and ordered Howard B. Stickney produced in his court at Corpus Christi, Texas, on June 14, 1961, for a hearing on a writ of habeas corpus. Hearing was had and the writ was granted, returnable before this court. On October 11, 1961, we set aside the order staying the execution and denied the relief prayed for. Ex parte Stickney, (page 303, this volume). 349 S.W. 2d 732.

Mandate having issued and the Governor's reprieve having fixed October 27, 1961, as the execution date, the execution was stayed by order of District Judge E. D. Salinas who, like the Respondent, is the judge of a judicial district far removed from Harris County where Stickney was convicted. Judge Salinas stayed the execution upon what he correctly described as "a legal and technical ground" bottomed upon the eleventh hour stay of execution granted by Judge Briggs.

On November 9, 1961, we set aside the order of Judge Salinas and denied the relief sought, noting in our opinion that Judge Salinas heard the application at the request of Judge Briggs, the Respondent herein. Ex parte Stickney, No. 34,220, 350 S.W. 2d 564.

The last date set for the execution of the death warrant against Stickney was November 11, 1961.

Acting upon a petition presented to him eight minutes before midnight on November 10, 1961, Judge Briggs again stayed the execution and set a hearing in his court in Nueces County for November 21, 1961.

Relators' petition herein prayed for an order setting aside the order of Judge Briggs staying the execution, and an order directing Judge Briggs to take no further action or hold any further hearings on this application for habeas corpus.

We granted this relief on November 14, 1961, when we granted leave to file the petition herein.

Upon the Relators' further prayer, we ordered and directed the Respondent to refrain from taking any further action by entertaining an application for a writ of habeas corpus or otherwise with reference to Howard B. Stickney, and set hearing for November 22, 1961.

Howard B. Stickney and three of his attorneys were named as Respondents also, but in the petition no relief was prayed for as to them. We granted the Relators' motion to dismiss them from the cause, and denied their motion for leave to intervene.

The Respondent Judge Briggs filed answer and oral argument was presented in his behalf. There is no denial on the part of Judge Briggs of any purpose to further prevent or delay

the execution of the judgment and sentence against Howard B. Stickney, nor any assurance that he will not again order the execution stayed upon allegations that have been adjudicated against Stickney by this Court.

Respondent challenges the authority of this court to issue the writ of prohibition, contending that the granting thereof would suspend the writ of habeas corpus and do violence to the statutes and Constitution of this state, and would be an unlawful infringement by this court on the jurisdiction of the 117th District Court of Nueces County, Texas.

We do not agree with such contention. To the contrary, it appears that only by the granting of relief such as prayed for may the original jurisdiction of this court in habeas corpus cases be enforced. In State ex rel Looney, Attorney General, v. Hamblen, District Judge, 74 Tex. Cr. Rep. 526, 169 S.W. 678, a similiar writ was issued directing the respondent district judge to dismiss a habeas corpus proceeding and make no further order thereabout.

The Texas Court of Criminal Appeals is the court of last resort in this state in criminal matters. This being so, no other court of this state has authority to overrule or circumvent its decisions, or disobey its mandates.

The Constitution of Texas, Article V, Sec. 5, provides that this court and the judges thereof "shall have the power to issue the writ of habeas corpus, and under such regulations as may be prescribed by law, issue such writs as may be necessary to enforce its own jurisdiction."

The original jurisdiction of this court to issue writs of habeas corpus is unlimited. Where the person claimed to be unlawfully restrained is under indictment, or has been finally convicted in a felony case, the authority of district judges in habeas corpus proceedings is limited by Art. 119 C.C.P. After indictment and before conviction, the writ must be returnable in the county where the offense has been committed, on account of which the applicant stands indicted.

After final conviction in any felony case, the writ must be made returnable to this court.

Art. 119 C.C.P., provides that the Texas Court of Criminal

Appeals may designate and direct any district judge or judges of this state to ascertain the facts necessary for proper consideration of the issues involved.

Respondent agrees that this court has the authority to set aside and hold for naught stays of execution ordered by a district judge, yet he insists that he should not be prevented by order of this court from again staying the execution at the eleventh hour, and thus deprive this court of the opportunity to exercise such authority.

In this manner the respondent has done, and may do, indirectly what he has no authority to do directly; that is, to stay the effectiveness of the decisions and mandates of this court.

It is apparent from the records that Judge Briggs entertains a fixed conviction that Howard B. Stickney should not be executed. We assume that he is conscientious in his fixed determination to delay the execution of the death warrant until the order of this court be reviewed and Stickney's conviction be set aside.

Judge Briggs has not only placed himself in the position of setting aside final judgment and orders of this court, but, as the relators point out, has assumed the role of advocate for Howard B. Stickney.

In the hearing before him in Nueces County, over objection of the district attorney, he called witnesses to testify and permitted Stickney's attorney to cross-examine them. One such witness was a psychiatrist he had appointed to examine Stickney. He erroneously asserted that he had authority to hold a sanity hearing in Nueces County, but the psychiatrist did not furnish proof that Stickney was legally insane.

After this court had held that he was in error in granting a petition that this court had denied, Judge Briggs contacted District Judge Salinas. We quote from Judge Salinas:

"Judge Briggs has called me and he seemed very distressed about this man being about to be executed and told me he felt very strongly that the man was innocent and he asked me if I would hear the application."

The first ground upon which Judge Briggs stayed the execution set for November 11, 1961, was that which this court had rejected and overruled on November 9, 1961.

The second ground was also one that this court had found to be without merit by denying an application for habeas corpus, namely, that the death penalty was abolished by the adoption of Art. 3, Sec. 51-c of the Constitution of Texas.

The third ground was that Stickney was denied due process by the refusal of the trial court to grant him leave to withdraw his notice of appeal and extend the time for filing an amended motion for new trial incorporating newly discovered evidence. This contention was decided against Stickney on the original appeal as well as in subsequent habeas corpus proceedings.

The following quotation is from the opinion of the Circuit Court of Appeals, 5th Circuit, in Howard B. Stickney v. O. B. Ellis, Director, Texas Department of Corrections, 286 Fed. 2d 755.

"In his petition below, Stickney also charged that the State Court had denied him his constitutional rights in failing to grant a new trial for newly discovered evidence. On this charge the habeas corpus court held an extended hearing. At its conclusion, the trial judge held that the only evidence to support the charge was 'fantastic and false' and held that there was no merit in the claim. Appellant does not appeal from this ruling.

"This record discloses no 'vital flaw' in the state court proceedings. Rogers v. Richmond, 357 U.S. 220, 78 S. Ct. 1365, 2 L. Ed. 2d 1361. In fact a reading of the record discloses that the trial court and counsel for the accused meticulously guarded all rights of the accused and adequately and properly dealt with each matter presented on his behalf."

Though not made a ground in the application or in the order of Judge Briggs, there is suggestion at least that Judge Briggs delayed the execution in order to allow Stickney's attorneys more time to obtain a review by the Supreme Court of the United States of the final judgment of this Court setting aside the stay of execution ordered by Judge Salinas.

While there is no doubt that judges of the United States Courts have such authority, judges of the district courts of this state do not.

Justices and Judges of the Courts of the United States derive their authority to entertain writs of habeas corpus in behalf of a person in custody pursuant to a judgment of a state court from the Federal Statutes, Title 28, Sec. 2251 to 2254, U.S.C.A. Title 28, Sec. 2254, U.S.C.A., reads as follows:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoners.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

The following quotation from Brown v. Allen, 344 U.S. 443, 97 L. Ed. 469, 73 S. Ct. 397, relating to the authority of Federal District Courts under the cited statutes is deemed appropriate.

"Insofar as this jurisdiction enables federal district courts to entertain claims that State Supreme Courts have denied rights guaranteed by the United States Constitution, it is not a case of a lower court sitting in judgment on a higher court. It is merely one aspect of respecting the Supremacy Clause of the Constitution whereby federal law is higher than State law. It is for the Congress to designate the member in the hierarchy of the federal judiciary to express the higher law. The fact that Congress has authorized district courts to be the organ of the higher law rather than a Court of Appeals, or exclusively this Court, does not mean that it allows a lower court to overrule a higher court. It merely expresses the choice of Congress how the superior authority of federal law should be asserted."

Judge Briggs has no greater authority or responsibility in death penalty cases tried in counties not in his judicial district

than any of the other more than 150 district judges of this state. If it be the law in Texas that every district judge must be satisfied before a death sentence may be carried out, and any district judge may prevent the execution of such a sentence upon grounds which this court has rejected, then this court is not a court of last resort in criminal matters in this state.

We conclude that it is necessary in order to enforce the jurisdiction of this court that the respondent be prohibited from taking any further action as district judge with reference to the death sentence against Howard B. Stickney and the execution thereof.

We further conclude that in so ordering we preserve, rather than suspend, the writ of habeas corpus, and the availability of relief thereby in the Federal Courts.

The Respondent Cullen W. Briggs is ordered and directed to take no further action as district judge to delay or interfere with the execution of the sentence of death against Howard B. Stickney, by entertaining application for habeas corpus or otherwise.

Writ of Prohibition will issue.