COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-213-CR

JESUS LUNA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jesus Luna attempts to again appeal from the trial court’s order denying his motion for DNA testing, an order that this court affirmed in 2003.
(footnote: 2)
Alternatively, he attempts to complain of the dismissal of his application for writ of habeas corpus by the Texas Court of Criminal Appeals.

This court has no jurisdiction to grant an out-of-time appeal.
(footnote: 3)  The appropriate means of seeking an out-of-time appeal is by writ of habeas corpus from the Texas Court of Criminal Appeals.
(footnote: 4)  This court also has no original habeas corpus jurisdiction in criminal cases.
(footnote: 5)  Further, we have no authority to review a decision of the Texas Court of Criminal Appeals.
(footnote: 6)

On July 12, 2006, we sent Appellant a letter indicating our concern that we lack jurisdiction over this appeal and requesting a response showing grounds for continuing the appeal.  Appellant’s response to our letter indicates that he wants to continue his appeal and to complain about new issues,
(footnote: 7) but it does not raise valid grounds for continuing the appeal in this court.  Consequently, we dismiss this case for want of jurisdiction.

PER CURIAM

PANEL D: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 17, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Luna v. State
, No. 2-03-012-CR, 2003 WL 21940907 (Tex. App.—Fort Worth Aug. 14, 2003, no pet.) (mem. op.) (not designated for publication).

3:
See Ashorn v. State
, 77 S.W.3d 405, 409 (Tex. App.—Houston [1st
 Dist.] 2002, pet. ref’d).

4:
See
 
TEX. CODE CRIM. PROC. ANN. 
art. 11.07 (Vernon 2005).

5:
Bd. of Pardons and Paroles ex rel. Keene v. Eighth Court of Appeals
, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (original proceeding).

6:
State ex rel. Wilson v. Briggs
, 171 Tex. Crim. 479, 351 S.W.2d 892, 894 (1961) (“The Court of Criminal Appeals is the court of last resort in this state in criminal matters.  This being so, no other court of this state has authority to overrule or circumvent its decisions, or disobey its mandates.”).

7:
Appellant’s motion for an extension of time to file his response is denied as moot.