COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-213-CR

 

 

JESUS LUNA                                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Jesus Luna attempts
to again appeal from the trial court=s order denying his motion for DNA testing, an order that this court
affirmed in 2003.[2]

Alternatively, he attempts to complain of the
dismissal of his application for writ of habeas corpus by the Texas Court of
Criminal Appeals.








This court has no
jurisdiction to grant an out-of-time appeal.[3]  The appropriate means of seeking an
out-of-time appeal is by writ of habeas corpus from the Texas Court of Criminal
Appeals.[4]  This court also has no original habeas corpus
jurisdiction in criminal cases.[5]  Further, we have no authority to review a
decision of the Texas Court of Criminal Appeals.[6]

 

 

 

 

 

 

 

 








On July 12, 2006, we sent
Appellant a letter indicating our concern that we lack jurisdiction over this
appeal and requesting a response showing grounds for continuing the
appeal.  Appellant=s response to our letter indicates that he wants to continue his
appeal and to complain about new issues,[7]
but it does not raise valid grounds for continuing the appeal in this
court.  Consequently, we dismiss this
case for want of jurisdiction.

 

PER CURIAM

PANEL D:   DAUPHINOT, HOLMAN, and
GARDNER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
August 17, 2006











[1]See Tex.
R. App. P. 47.4.





[2]See Luna v. State, No. 2-03-012-CR, 2003 WL 21940907
(Tex. App.CFort Worth Aug. 14, 2003, no pet.)
(mem. op.) (not designated for publication).





[3]See Ashorn v. State, 77 S.W.3d 405, 409 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).





[4]See TEX.
CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).





[5]Bd. of Pardons and Paroles ex rel.
Keene v. Eighth Court of Appeals, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (original
proceeding).





[6]State ex rel. Wilson v. Briggs, 171 Tex. Crim. 479, 351 S.W.2d
892, 894 (1961) (AThe Court of Criminal Appeals is
the court of last resort in this state in criminal matters.  This being so, no other court of this state
has authority to overrule or circumvent its decisions, or disobey its mandates.@).





[7]Appellant=s motion for an extension of time
to file his response is denied as moot.