WR-84,212-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/18/2015 4:04:21 PM
Accepted 11/18/2015 4:17:29 PM
ABEL ACOSTA
CLERK

No. _____

IN THE

# Court of Criminal Appeals

In re STATE OF TEXAS ex rel. BRIAN RISINGER,
*Relator*,

v.

The Honorable HAL RIDLEY,
278th Judicial District Court of Madison County, Texas
*Respondent.*

## MOTION FOR LEAVE TO FILE WRIT OF MANDAMUS
### AND
## PETITION FOR A WRIT OF MANDAMUS
### AND
## REQUEST TO FILE ON EMERGENCY BASIS

Brian Risinger
District Attorney
For Madison County, TX

Ellen Stewart-Klein
Assistant Attorney General
Special Prosecutor for Madison County
Texas Bar No. 24018011
P.O. Box 12548, Capitol Station
Austin, Texas 78711

**ATTORNEYS FOR THE RELATOR**

## MOTION FOR LEAVE TO FILE
## PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Relator, Brian Risinger, Criminal District Attorney of Madison County, through Ellen Stewart-Klein, Assistant Attorney General and Special Prosecutor to Madison County, moves for leave to file a writ of mandamus. Relator seeks to compel Respondent, the Honorable Judge Hal Ridley of the 278th Judicial District Court of Madison County, Texas, to vacate the trial court order withdrawing the November 18, 2015 execution of Raphael Holiday and reinstate the execution date. Because this petition addresses an execution scheduled for today, November 18, 2015, the State requests that it be reviewed on an emergency basis.

## STATEMENT OF THE CASE

Holiday was charged and convicted of capital murder three times over for the burning deaths of three children, including his own daughter. Pursuant to the jury's answers to the special issues, the trial judge sentenced Holiday to death. 1 CR (10,423/7446) 9 (Tierra Shinea Lynch); 5 CR 642-45; 1 CR (10,425/7447) 2, 18-21 (Jasmine Rockell Dupaul); 1 CR (10,427/7448) 2, 18-21 (Justice Nicole Holiday).

2

Direct appeal to the Texas Court of Criminal Appeals is automatic and Holiday's three convictions and sentences were affirmed. *Holiday v. State*, AP-74,446; AP-74,447; AP-74,448, 2006 Tex. Crim. App. Unpub. LEXIS 737 (Tex. Crim. App. Feb. 8, 2006). Holiday petitioned the Supreme Court for review but certiorari was denied. *Holiday v. Texas*, 549 U.S. 1033 (2006).

While his direct appeal was pending, Holiday filed three state habeas applications, one for each conviction. 1 SHCR 1. The state court adopted the State's Proposed Findings of Fact. SHCR 21-62, 82-83. The Court of Criminal Appeals adopted the findings of the state habeas court and denied relief. SHCR at cover; *Ex parte Holiday*, Order No. WR-73,623-01, -02, -03 (Tex. Crim App. May 5, 2010). Holiday's federal petition was filed on May 3, 2011. Holiday filed his amended petition on March, 2, 2012. Pet., ECF No. 1; Amend. Pet. ECF No. 12. The district court denied Holiday relief and denied him a COA. Mem. Op. & Ord., ECF No. 23; F.J., ECF No. 24. The Fifth Circuit also refused to grant Holiday a COA and denied his motion for rehearing. *Holiday v. Stephens*, No. 13-70022 (5th Cir. Oct. 14, 2014), Or. (5th Cir. Dec. 29, 2014). Holiday

3

sought certiorari from the denial of a COA. The Supreme Court denied the petition on June 29, 2015.

On the day of his execution, Holiday filed a motion to withdraw or modify execution date.

## PETITION FOR WRIT OF MANDAMUS

To be entitled to a writ of mandamus, it must be demonstrated that: (1) the relator has no other adequate remedy at law, and (2) he is clearly entitled to the relief sought. *See, e.g., State ex rel. Watkins v. Creuzot*, 352 S.W.3d 493, 499 (Tex. Crim. App. 2011). A "clear right to relief sought" means that the act relator seeks to prohibit is "ministerial." *State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex. Crim. App. 1992). An act is ministerial "'when the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment.'" *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (quoting *Texas Dep't of Corr. v. Dalehite*, 623 S.W.2d 420, 424 (Tex. Crim. App. 1981)). Relator seeks an order compelling the Respondent to vacate any order interfering with Holiday's execution date.

4

First, the 278th Judicial District Court set Holiday's execution date pursuant to this Court's mandate issued after the conclusion of her direct appeal. *See* Tex. Code Crim. Proc. art. 43.141(a). This Court "is the court of last resort in this state in criminal matters. This being so, no other court of this state has authority to overrule or circumvent its decisions, or disobey its mandates." *State ex rel. Wilson v. Briggs*, 351 S.W.2d 892, 894 (Tex. Crim. App. 1961). Hence, the 278th Judicial District Court does not have authority to impede the carrying out of this Court's mandate by preventing Holiday's execution.

Second, a convicting court may modify or withdraw an order setting an execution date only in limited circumstances: (1) "if the court determines additional proceedings are necessary on . . . a subsequent or untimely application for writ of habeas corpus filed under Article 11.071," or (2) "if the court determines additional proceedings are necessary on . . . a motion for forensic testing of DNA evidence submitted under Chapter 64." Tex. Code Crim. Proc. art. 43.141(d). The 278th Judicial District Court is purporting to halt Holiday's execution because "additional proceedings are necessary on a subsequent application for a writ of habeas corpus under Tex. Code Crim. Proc. Art 11.071." *Holiday v.*

5

*Texas*, Nos. 10,423; 10,425; & 10,427 (Ord. November 18, 2015). But, in this instance, the 278th Judicial District Court lacks authority to withdraw its order setting Holiday's execution date. *See State ex rel. Holmes v. Third Court of Appeals*, 885 S.W.2d 389, 395–96 (Tex. Crim. App. 1994) (holding that the trial court was without jurisdiction to issue an injunction, "[n]otwithstanding that respondent held [it] was necessary to protect its jurisdiction over the appeal of Graham's civil case"), *overruled on other grounds by Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996).

This Court has previously held that it was improper for a trial judge to withdraw an execution date in the absence an "active pleading." *In re Roach*, No. WR-41,168-08 (Tex. Crim. App. June 17, 2008) (per curiam). The Court found that the trial judge was "without authority to act" because this Court had "dismissed the subsequent application and the judge had no power to consider the merits of any claims in those or possible future applications." *Id.* The statute contemplates that a subsequent writ or DNA motion has been filed and is pending and satisfies the abuse of the writ exceptions of art. 11.071 § 5. Anything less is insufficient to authorize the trial court to modify or withdraw the date.

Thus, interpreting the statute to encompass the mere promise of a subsequent filing or expectation of future review would render the guidelines of art. 43.141 meaningless.

Finally, given the last-minute nature of these proceedings, there is no other adequate remedy available at law. The State has no right to appeal an order modifying or withdrawing an execution date. Tex. Code Crim. Proc. Art 44.01. As Respondent lacks authority to withdraw the execution date, there is a clear right to relief.

## CONCLUSION

Therefore, this Court should grant leave for the State to file an emergency petition for writ of mandamus. Further, the Court should issue a writ of mandamus directing Respondent to vacate its order withdrawing the November 18, 2015 execution of Raphael Deon Holiday, and to reinstate the execution date.

Respectfully submitted,

BRIAN RISINGER
District Attorney
of Madison County, Texas

*Counsel of Record

/s/ Ellen Stewart-Klein
*ELLEN STEWART-KLEIN
Assistant Attorney General
Criminal Appeals Division
SPECIAL PROSECUTOR TO
MADISON COUNTY

Texas Bar No. 24028011
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Tel: (512) 936-1400
Fax: (512) 320-8132

ATTORNEYS FOR THE RELATOR

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th of November, 2015, this pleading was sent by electronic service to counsel listed below:

William F. Carter
108 E. William J. Bryan
Bryan, Texas 77803
Wfcarter73@yahoo.com

Judge Hal Ridley
278th Judcial District
Madison County
hridley@co.walker.tx.us

Frank Blazek
1414 11th Street
Huntsville, Texas 77340
frankblazek@smithermartin.com

James W. Volberding
100 E. Ferguson St., Suite 500
Tyler, TX 75702
James@jamesvolberding.com

Seth Kretzer
440 Louisiana Street, Suite 200
Houston, TX 77002
seth@kretzerfirm.com

Gretchen Sims Sween
515 Congress Avenue, Suite 1900
Austin, TX 78701
gsween@beckredden.com

   /s/ Ellen Stewart-Klein
ELLEN STEWART-KLEIN
Assistant Attorney General
SPECIAL PROSECUTOR TO
MADISON COUNTY

9

# GOOD CAUSE CERTIFICATE

Before me, the undersigned authority, personally appeared Ellen Stewart-Klein who, after being by me duly sworn, deposed as follows:

My name is Ellen Stewart-Klein. I am over the age of 21 years, of sound mind and body, and capable of making this statement. I am deputized as a special prosecutor by the Criminal District Attorney of Madison County, Texas. At approximately 11:00 a.m. on November 18, 2015, Raphael Holiday filed a "Motion to Withdraw or Modify Execution Date" in the 278th Judicial District Court of Madison County, Texas. At approximately 1:00 p.m. on November 18, 2015, the trial court held a hearing on the motion. At approximately 2:00 p.m. on November 18, 2015, the hearing concluded and the Honorable Hal Ridley withdrew Raphael Holiday's execution date of November 18, 2015.

To the extent that this Court's Miscellaneous Rule 11-003 applies to the State—the State is not seeking "a stay of execution" or moving for "affirmative relief" on behalf of Holiday—the State believes that the above facts demonstrate

"good cause" for this filing. The timing of the State's petition for writ of mandamus was entirely controlled by Holiday in that he sought trial-court relief on the day of his execution. Thus, because the motion to withdraw or modify was not filed until this morning, and because the trial court had not made a ruling until this afternoon, a petition for writ of mandamus would have been premature and could not have been filed sooner. Shortly after the execution date was withdrawn, the State diligently filed its petition for writ of mandamus.

Further affiant saith not.

_____
Ellen Stewart-Klein

STATE OF TEXAS      §
                               §
COUNTY OF TRAVIS    §

Sworn to and subscribed before me by affiant on this __18__ day of November, 2015.

_____
Notary Public in and for
Travis County, Texas

ASHLEY ELIZABETH HODGSON
Notary Public, State of Texas
My Commission Expires
November 30, 2016

# EXHIBIT 1



## CAUSE NOS. 10,423, 10,425, 10,427

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | MADISON COUNTY, TEXAS |
| | § | |
| RAPHAEL DEON HOLIDAY | § | 278TH JUDICIAL DISTRICT |

### ORDER WITHDRAWING EXECUTION DATE

This Court previously issued an order setting an execution date of November 18, 2015 for defendant Raphael Deon Holiday. At this time, the Court finds that additional proceedings are necessary on a subsequent application for a writ of habeas corpus under Tex. Code Crim. Proc. art. 11.071, and is of the opinion that the execution date now in force should be withdrawn to permit those proceedings to be filed and adjudicated.

IT IS HEREBY **ORDERED** that this Court's previous order setting the defendant's execution date for November 18, 2015 is withdrawn. The Court further orders the warrant of execution recalled.

IT IS FURTHER **ORDERED** that the Madison County District Clerk's Office notify the Assistant Director for Classification and Records at the Texas Department of Criminal Justice, Correctional Institutions Division immediately by phone at (936) 437-6231 and by facsimile at (936) 437-6276 that the previous order setting a date of execution for defendant Raphael Deon Holiday has been withdrawn and the Warrant of Execution recalled.

Filed This _18th_ Day
of _Nov_, 20_15_
at _2:03_ p.m O'clock
_R. Sauer_, Clerk
12th / 278th Judicial District Court
MADISON COUNTY, TEXAS
_____ Deputy

PAGE 1

ORDER WITHDRAWING EXECUTION DATE
C:\NetShare\FB\CRIM_F-J\HOLIDAY 478\Motion to Withdraw Execution Date.wpd

Signed this 18th day of November, 2015.

_____

Presiding Judge
278th District Court
Madison County, Texas

# EXHIBIT 2



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## WR-41,168-08

### IN RE JOHN R. ROACH

ON APPLICATION FOR WRIT OF MANDAMUS
IN CAUSE NO. W296-80233-90 FROM THE
296TH DISTRICT COURT OF COLLIN COUNTY

*Per Curiam.*

### ORDER

We have before us a motion for leave to file a petition for writ of mandamus filed by the district attorney of Collin County to order the administrative judge, to whom authority to act in this case has been transferred, to vacate the order withdrawing the death warrant and to reinstate the previously ordered death warrant.

Hood was convicted of the capital murder of Ronald Williamson and Tracie Lynn Wallace. The jury answered the special issues in such a manner that a sentence of death was imposed on August 29, 1990. This Court affirmed the conviction and sentence on direct

appeal. *Hood v. State*, AP-71,167 (Tex. Crim. App. November 24, 1993) *cert. denied*, 513 U.S. 834 (1994). Hood's initial application for writ of habeas corpus was denied. *Ex parte Hood*, WR-41,168-01 (Tex. Crim. App. April 21, 1999). A subsequent application was filed in the trial court on May 24, 2004. The subsequent application was dismissed. *Ex parte Hood*, WR-41,168-02 (Tex. Crim. App. April 13, 2005). Hood filed a second subsequent application on June 22, 2005. We remanded to the convicting court for resolution of the claim. When the case was returned to this Court we held that applicant had, in fact, not met the requirements of Article 11.071, Section 5, for consideration of subsequent claims and dismissed his application. *Ex parte Hood*, 211 S.W.3d 767 (Tex. Crim. App. 2007). On May 6, 2008, he moved this to reconsider his direct appeal, we denied the motion. *Hood v. State*, No. AP-71,167 (Tex. Crim. App. May 14, 2008). Hood filed a subsequent application for writ of habeas corpus and an original application for writ of habeas corpus on June 12, 2008. We dismissed the application filed under Article 11.071 and denied leave to file the original application. *Ex parte Hood*, WR-41,168-04 & WR-41,164-05 (Tex. Crim. App. June 16, 2008). Today, June 17, 2008, we denied a second original application for writ of habeas corpus. *Ex parte Hood*, WR-41.168-06 (Tex. Crim. App. June 17, 2008).

With no active pleadings before the trial court, the trial judge withdrew the death warrant. A trial judge has the authority to withdraw or modify a death warrant "*if* the court determines that additional proceedings are necessary on a subsequent or untimely application for a writ of habeas corpus filed under Article 11.071." Tex. Code Crim. Proc., Art.

43.141(d) (emphasis added). This Court had dismissed the subsequent application and the judge had no power to consider the merits of any claims in those or possible future applications without the permission of this Court. Tex. Code Crim. Proc., Art. 11.071, Sec. 5(a). The trial judge was, therefore, without authority to act. However, after acting without authority, the trial judge recused himself from this case, thereby transferring authority to the regional presiding judge, and no longer has any authority to rule on any matter in this case. Relator initially asked that the original trial judge be ordered to withdraw the death warrant. Because mandamus does not lie against the original trial judge, we denied leave to file the application for writ of mandamus.

Relator now asks that we order the presiding judge of the administrative region, the Honorable John D. Ovard, to act in this case and rescind the improperly entered order withdrawing the death warrant and to reinstate the death warrant entered on April 16, 2008.

Leave to file the application is granted and the respondent, the Honorable John D. Ovard, is ordered to forthwith rescind the order of June 17, 2008, withdrawing the death warrant in cause number 296-80233-90, and to immediately reinstate the death warrant entered in this cause on April 16, 2008, by the Honorable Curt B. Henderson.

IT IS SO ORDERED THIS THE 17TH DAY OF JUNE, 2008.

Do Not Publish