# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00681-CR

---

**Ex parte Jason Eric Lenderman**

---

**FROM THE 264TH DISTRICT COURT OF BELL COUNTY**
**NO. 21DCR85475, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Jason Eric Lenderman stands charged by indictment with possession of methamphetamine in an amount of four grams or more but less than 200 grams. *See* Tex. Health & Safety Code § 481.115(a), (d). He seeks to appeal from the Court of Criminal Appeals' (CCA) order denying without written order his motion for leave to file an application for writ of habeas corpus.

Lenderman appears to understand incorrectly that the trial court denied the motion. He states that he "is appealing the 264th District Court[']s decision of Denial Without Written Order the Motion for Leave to File the Original Application for Writ of Habeas Corpus to the Court of Criminal Appeals of Texas." However, although he asserts that the trial judge abused his discretion in denying the motion, Lenderman notes that he "was made aware [of the denial] through notification from the Court of Criminal Appeals . . . dated 8/10/2022," and the record contains an official notice from the CCA advising Lenderman that it denied his motion on that date. Moreover, the trial court explained on Lenderman's certificate of defendant's right of

appeal that he "wants to appeal the denial of leave to file the original application for writ of habeas corpus. This is/was an action of the [CCA], not the trial court."

Because Lenderman attempts to appeal a decision from the CCA, we lack jurisdiction over the appeal. *See State ex rel. Wilson v. Briggs*, 351 S.W.2d 892, 894 (Tex. Crim. App. 1961) ("The Texas Court of Criminal Appeals is the court of last resort in this state in criminal matters. This being so, no other court of this state has authority to overrule or circumvent its decisions, or disobey its mandates."); Tex. Const. art. V, § 5 (providing that Court of Criminal Appeals has final appellate jurisdiction on all questions of law in criminal matters); *see also Ex parte Davis*, No. 02-11-00526-CR, 2012 WL 335862, at *1 (Tex. App.—Fort Worth Feb. 2, 2012, no pet.) (dismissing appeal for want of jurisdiction because defendant attempted to appeal from CCA's denial of motion for leave to file original application for writ of mandamus). Consequently, we dismiss the appeal for want of jurisdiction.[1]

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed: December 16, 2022

Do Not Publish

_____

[1] In addition, all pending motions are dismissed as moot.

2