

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-96,121-01

### IN RE TEXAS DEPARMENT OF CRIMINAL JUSTICE ex rel. KEN PAXTON, Relator

### ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS
### AND PETITION FOR WRIT OF MANDAMUS
### IN THE 200TH JUDICIAL DISTRICT COURT
### TRAVIS COUNTY

*Per curiam.* NEWELL, J., filed a dissenting opinion in which RICHARDSON, WALKER, and MCCLURE, JJ., joined.

### O P I N I O N

We have before us a motion for leave to file an application for writ of mandamus filed by the Honorable Kenneth Paxton, Attorney General of the State of Texas, on behalf of the Texas Department of Criminal Justice, Relator in this case. Therein, Relator asks this Court to order Respondent, the Honorable Judge Jessica Mangrum of the 200th District Court of Travis County, Texas, to vacate the Temporary Restraining Order she issued this day regarding the execution of Real-Party-in-Interest Robert Leslie Roberson, III, or, in the alternative, to vacate the order ourselves. Because this case involves a death

sentence, it was proper for Relator to file the motion and petition in this Court. *Cf. Padilla v. McDaniel*, 122 S.W.3d 805, 808 (Tex. Crim. App. 2003).

Real-Party-in-Interest Roberson was convicted of capital murder and sentenced to death in February 2003. On direct appeal, this Court affirmed Roberson's conviction and death sentence. *See Roberson v. State*, No. AP-74,671 (Tex. Crim. App. Jun. 20, 2007) (not designated for publication). Our mandate issued October 22, 2007.

This Court denied relief on Roberson's initial post-conviction application for a writ of habeas corpus, filed under Texas Code of Criminal Procedure Article 11.071. *Ex parte Roberson*, Nos. WR-63,081-01, -02 (Tex. Crim. App. Sept. 16, 2009) (not designated for publication). On the same day, we dismissed as a subsequent application a document styled, "Notice of Desire to Raise Additional Habeas Corpus Claims." *Id.*

In 2016, Roberson filed in the convicting court a second subsequent 11.071 application. After we remanded the claims for review on the merits, the convicting court held a hearing and recommended that this Court deny relief. Thereafter, we denied relief on all of the claims raised. *Ex parte Roberson*, No. WR-63,081-03 (Tex. Crim. App. Jan. 11, 2023) (not designated for publication). In July 2024,[1] the convicting court scheduled Roberson's execution for October 17.

Roberson filed a third subsequent 11.071 application in August, which we dismissed for failing to satisfy the requirements of Article 11.071, Section 5. *Ex parte*

---

[1] Unless otherwise specified, all subsequent dates in this opinion refer to the year 2024.

*Roberson*, No. WR-63,081-04 (Tex. Crim. App. Sept. 11, 2024) (not designated for publication). Roberson soon filed a fourth subsequent 11.071 application in October, but after "thoroughly review[ing] the application and entire record," we found that this application also failed to satisfy Article 11.071, Section 5. *Ex parte Roberson*, No. WR-63,081-05 (Tex. Crim. App. Oct. 16, 2024) (not designated for publication). As of the date of this opinion, Roberson has no pending 11.071 applications.

Yesterday, October 16, the Texas House of Representatives' Committee on Criminal Jurisprudence issued a subpoena commanding "any peace officer of the State of Texas" to "summon Robert Roberson, located in the custody of the Texas Department of Criminal Justice, to appear before the Committee" at the Texas Capitol Building on October 21—four days *after* Roberson's scheduled execution date.

Today, October 17, Members of the Texas House of Representatives sought injunctive relief in the 200th District Court of Travis County. After a hearing, Respondent issued a Temporary Restraining Order from the bench, enjoining TDCJ from carrying out the death warrant.

Relator promptly brought this mandamus action challenging the Temporary Restraining Order. Relator argues that the Order circumvents this Court's decision and disobeys this Court's mandate.

Leave to file is granted. "The Court of Criminal Appeals is the court of last resort in this state in criminal matters.  This being so, no other court of this state has authority to overrule or circumvent its decisions, or disobey its mandates."  *State ex rel. Wilson v. Briggs* 351 S.W.2d 892, 894 (Tex. Crim. App. 1961).  Therefore, "[a]ny order by another

state court which purports to stay a scheduled execution circumvents [this Court's] decision and disobeys our mandate." *State ex rel. Holmes v. Honorable Court of Appeals for Third Dist.*, 885 S.W.2d 389, 395–96 (Tex. Crim. App. 1994). The effect of Respondent's order was to stay Roberson's execution, circumvent our decision, and disobey our mandate. *See id.* at 395. Respondent's Temporary Restraining Order is therefore subject to this Court's mandamus authority. *See id.*

Accordingly, pursuant to this Court's mandamus authority and effective immediately, Respondent's Temporary Restraining Order is hereby vacated. No motions for rehearing will be entertained. The Clerk of this Court is instructed to issue mandate immediately.

Delivered: October 17, 2024
Publish