

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. WR-96,121-01

---

### IN RE TEXAS DEPARTMENT OF CRIMINAL JUSTICE EX. REL. KEN PAXTON, Relator

---

### ON MOTION FOR LEAVE TO FILE A PETITION FOR WRIT OF MANDAMUS AND PETITION FOR WRIT OF MANDAMUS IN THE 200TH DISTRICT COURT OF TRAVIS COUNTY

---

NEWELL, J., filed a dissenting opinion in which RICHARDSON, WALKER and McCLURE, JJ., joined.

Today the court grants mandamus relief under the theory that a civil court's injunction to enforce a legislative subpoena cannot interfere with the carrying out of a death warrant in a criminal case. But I believe the scenario presented in this case is sufficiently distinguishable from our previous cases dealing with the interaction between civil and

criminal causes of action that we should file and set the case for an opinion on the issues raised. Because the court does not, I dissent.

This Court has held that a civil case that has the effect of staying an execution is a criminal law matter subject to our jurisdiction.[1] The suit at issue in *Holmes* sought to avoid the execution in the underlying criminal case altogether through clemency proceedings and we held that the suit seeking a clemency hearing could not enjoin the execution.[2] However, the injunction at issue here is not brought by the defendant to vindicate the defendant's rights. Rather, our Legislature seeks to vindicate its own authority to subpoena witnesses for testimony before it.[3] Such a claim, raises a separation of powers issue by its very nature. And that issue is not present in our precedent cases.[4]

Indeed, this distinguishing factor also raises the issue of whether we have mandamus jurisdiction because the Legislature brought the proceeding on its own behalf to protect its statewide subpoena power.

---

[1] *State ex. rel. Holmes v. Honorable Cr. Of Appeals for Third Dist.*, 885 S.W.2d 389, 394 (Tex. Crim. App. 1994).

[2] *Id.* at 395-96; *see also State ex. rel. Wilson v. Briggs*, 351 S.W.2d 892 (1961).

[3] Tex. Gov't Code Ann. § 301.024(a) ("A general investigating committee may issue process to compel the attendance of witnesses and production of books, records, documents, and instruments required by the committee . . . A committee may issue process to a witness at any place in this state.").

[4] Tex. Const. art. II, § 1.

The propriety of the civil injunction to vindicate our Legislature's authority makes this arguably as much a civil matter as a criminal one.[5]

Given these distinctions, I think the more prudent course of action would not be to grant mandamus relief outright. Instead, this Court should file and set this case and order briefing from the parties. Perhaps after we have fully fleshed out these issues the Court will ultimately hold that mandamus relief is appropriate. But given the unprecedented nature of the circumstances present in this case, I believe we should at least explain our reasoning to the Texas Legislature as well as the citizens of Texas.

Because the Court does not, I respectfully dissent.

Filed: October 17, 2024

Publish

---

[5] *Smith v. Flack*, 728 S.W.2d 784, 788 (Tex. Crim. App. 1987) (noting that the Texas Constitution "grants this Court power to issue writs of mandamus when a criminal law is the subject of the litigation").