

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-77,119

### EX PARTE WILLIAM KEITH SPEER, Applicant

## ON DIRECT APPEAL FROM DENIAL OF APPLICATION FOR WRIT OF HABEAS CORPUS FILED UNDER ARTICLE I, SECTION 12 OF THE TEXAS CONSTITUTION AND ARTICLE 11.05 OF THE TEXAS CODE OF CRIMINAL PROCEDURE CAUSE NO. 99F0506-005 IN THE 5TH JUDICIAL DISTRICT COURT BOWIE COUNTY

*Per curiam.* YEARY, J., filed a concurring opinion.

## O P I N I O N

This is a direct appeal from a convicting court's order denying relief on an application for a writ of habeas corpus filed under Article I, Section 12 of the Texas Constitution and Article 11.05 of the Texas Code of Criminal Procedure. In the convicting court, Applicant, who is sentenced to death, challenged what he characterized as "the unlawful and unconstitutional manner in which his . . . execution will be carried out." On appeal, Applicant raises five claims pertaining to the convicting court's order

and this Court's jurisdiction to review the same. Without reaching the merits of Applicant's appellate claims, we conclude that the convicting court did not have jurisdiction over the underlying habeas application. We therefore return this case to the convicting court with instructions to dismiss the application for lack of jurisdiction.

## BACKGROUND

Applicant was convicted of capital murder and sentenced to death in October 2001. This Court affirmed Applicant's conviction and sentence on direct appeal, denied relief on his initial application for a writ of habeas corpus filed under Code of Criminal Procedure Article 11.071, and dismissed as an abuse of the writ his first subsequent 11.071 application. *See Speer v. State*, No. AP-74,253 (Tex. Crim. App. Oct. 8, 2003) (not designated for publication); *Ex parte Speer*, No. WR-59,101-01 (Tex. Crim. App. Jun. 30, 2004) (not designated for publication); *Ex parte Speer*, No. WR-59,101-02 (Tex. Crim. App. Mar. 3, 2010) (not designated for publication). In July 2023, the convicting court entered an order setting Applicant's execution date for October 26, 2023.[1]

On October 4, Applicant filed in the convicting court a pleading styled "Application for Writ of Habeas Corpus Under Article I, § 12 of the Texas Constitution & Texas Code of Criminal Procedure Article 11.05"—the subject of this appeal. In the application, Applicant alleged that on August 23, "an uncontrolled building fire [had] catastrophically damaged the third floor of the Administration Building at the Huntsville

---

[1] Unless otherwise indicated, all subsequent dates in this opinion refer to the year 2023.

Unit of the Texas Department of Criminal Justice." Applicant further alleged that: (A) this is the location where the Texas Department of Criminal Justice (TDCJ) stores pentobarbital, the chemical it uses to carry out executions; and (B) as a result of the fire and ensuing fire-suppression efforts, TDCJ's supply of pentobarbital was exposed to several hours of high temperatures, smoke, and water.

Applicant also alleged that, even before the fire, TDCJ's supply of pentobarbital had expired, creating a risk of "medication contamination[,] patient harm[,] and unpredictable drug actions." Applicant feared that, were TDCJ to use "fire-damaged" and/or expired drugs to carry out his execution, it would "cause [him] significant and unnecessary pain and suffering." *See Glossip v. Gross*, 576 U.S. 863, 877 (2015) (to prevail on an Eighth Amendment method-of-execution claim, the inmate must establish that the method in question is "sure or very likely to cause serious illness and needless suffering"). Applicant therefore claimed that, were TDCJ to execute him using "expired and fire damaged pentobarbital," his execution would violate: the Eighth Amendment to the United States Constitution; Article I, Section 13 of the Texas Constitution; and Article 43.24 of the Texas Code of Criminal Procedure.

Applicant additionally claimed that, in its procurement, handling, and planned administration of pentobarbital, TDCJ had (or inevitably would) run afoul of: the Texas Pharmacy Act; the Texas Controlled Substances Act; the Texas Food, Drug, and Cosmetic Act; and the Texas Penal Code. Finally, Applicant argued that TDCJ's alleged violation of these statutes "violates the Due Process Clause, the Eighth Amendment, and the Equal Protection Clause." *See* U.S. CONST. amends. VIII, XIV.

In his prayer for relief, Applicant asked the convicting court to:

- "Grant a temporary injunction of TDCJ's use of expired drugs and drugs affected by the August 25, 2023 Huntsville Unit fire in his imminent execution";

- "Permit discovery and factual development procedures";

- "Hold an evidentiary hearing"; and

- "Grant such other relief as law and justice require."

The convicting court denied relief on the merits on October 12. The court found that Applicant "only provided speculation with respect to his claims," and so "fail[ed] to meet the threshold requirement for relief."

On October 17, Applicant filed in this Court a pleading styled "Motion for Leave to File Original Application for Writ of Habeas Corpus." In it, Applicant re-raised many of the claims he had raised in the convicting court. He also argued that this Court should grant leave to file because, among other reasons, "when an application raises claims concerning how the State carries out its death sentences, it is appropriate for this Court to resolve these grave issues directly," rather than by reviewing lower-court judgments for error. We denied leave to file without a written order on October 25. *Ex parte Speer*, No. WR-59,101-05 (Tex. Crim. App. Oct. 25, 2023) (denied without written order).

Meanwhile, Applicant had filed a second subsequent 11.071 application on October 18. On October 26, Applicant's scheduled execution date, we issued an order stating, "We have reviewed the application and find that Applicant's execution should be stayed pending further order of this Court." *Ex parte Speer*, No. WR-59,101-06 (Tex. Crim. App. Oct. 26, 2023) (not designated for publication). As of the date of this opinion,

Applicant's second subsequent 11.071 application remains pending in this Court, and Applicant does not have a scheduled execution date.

On November 10, Applicant notified the convicting court in writing that he intended to appeal the court's October 12 order denying relief. Applicant's notice of appeal stated that the appeal would be "to the Court of Appeals for the Sixth District of Texas." Shortly after filing his notice of appeal, Applicant received word from the court of appeals' clerk that "this [appeal] needs to go to the Court of Criminal Appeals." On December 1, 2023, this Court received a courtesy copy of the notice of appeal and docketed the case. *See* TEX. CONST. art. V, § 5 ("The appeal of all cases in which the death penalty has been assessed shall be to the Court of Criminal Appeals.").

## ARGUMENTS ON APPEAL

Applicant raises five issues in his appellate brief. First, Applicant contends that this Court lacks jurisdiction over the appeal, and that the appeal is (or should be) properly before the Sixth Court of Appeals—just as he asserted in his notice of appeal. In his second, third, and fourth issues, Applicant argues that the convicting court incorrectly analyzed his habeas claims invoking the Texas Constitution; Texas Code of Criminal Procedure; Texas Pharmacy Act; Texas Controlled Substances Act; Texas Food, Drug, and Cosmetic Act; and Texas Penal Code. Fifth and finally, Applicant asserts that the convicting court erred to deny relief without first "giving him the opportunity to develop or present evidence."

## DISTRICT COURT JURISDICTION

Before going any further, we think it appropriate to examine the convicting court's jurisdiction to rule on the merits of Applicant's habeas application. *See Skinner v. State*, 484 S.W.3d 434, 437 (Tex. Crim. App. 2016) ("[J]urisdiction is a systemic requirement that appellate courts must review regardless of whether the issue is raised by the parties.").

We have repeatedly held that a district court does not enjoy "general" jurisdiction after a conviction becomes final. *E.g.*, *In re Texas Dep't of Crim. Justice* (*In re TDCJ*), 710 S.W.3d 731, 735 (Tex. Crim. App. 2025); *see also In re State ex rel. Ogg*, 692 S.W.3d 481, 484 (Tex. Crim. App. 2024); *Skinner*, 484 S.W.3d at 437. Rather, "[a]ny jurisdiction a trial court obtains post-finality must be conferred by the Texas Constitution or by statute, and any provision bestowing post-finality jurisdiction defines the scope of that jurisdiction." *In re TDCJ*, 710 S.W.3d at 735–36.

In this case, the pleading Applicant filed in the convicting court attempted to invoke only one potential source of district court jurisdiction: habeas jurisdiction. Specifically, Applicant argued that the convicting court had "jurisdiction over this application . . . pursuant to Article V, § 8 of the Texas Constitution and Article 11.05 of the Texas Code of Criminal Procedure." Accordingly, we must examine whether a district court, in its capacity as a habeas court, enjoys subject matter jurisdiction over method-of-execution claims. *See id.* at 737 (explaining that, while district courts sometimes enjoy habeas jurisdiction, "to become a basis for other acts, that jurisdiction must first be invoked").

Article V, Section 8 of the Texas Constitution provides:

District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body. District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.

TEX. CONST. art. V, § 8. This provision "grants Texas district courts plenary power to grant writs of habeas corpus." *Ex parte Hargett*, 819 S.W.2d 866, 867 (Tex. Crim. App. 1991). In turn, Article 11.05 of the Texas Code of Criminal Procedure states: "The court of criminal appeals, the district courts, the county courts, or any judge of those courts may issue the writ of habeas corpus, and it is their duty, *on proper application*, to issue the writ under the rules prescribed by law." TEX. CODE CRIM. PROC. art. 11.05 (emphasis added).

Together, these provisions occasionally authorize district courts, and this Court, to afford relief on pleadings that do not neatly fit one of the statutory avenues for seeking habeas corpus relief. *See Ex parte Valdez*, 489 S.W.3d 462, 463–64 (Tex. Crim. App. 2016); TEX. CODE CRIM. PROC. ch. 11. Such applications are often called "constitutional writs," "original writs," or "Article 11.05 writs." *See Valdez*, 489 S.W.3d at 464. That said, in some cases, there are some remedies that district courts simply cannot give—not even pursuant to their plenary power to grant writs of habeas corpus.

In *State ex rel. Holmes v. the Honorable Court of Appeals for the Third District*, the Third Court of Appeals entered an order enjoining the State from "proceeding with [an] execution," claiming that an injunction was necessary to "preserve its jurisdiction

over [an] appeal" concerning the executive clemency process. 885 S.W.2d 389, 391 (Tex. Crim. App. 1994), *disavowed on other grounds by Ex parte Elizondo*, 947 S.W.2d 202, 206 (Tex. Crim. App. 1996). The State sought mandamus relief from the Third Court's order, which we granted. We reasoned, "Any order by another state court which purports to stay a scheduled execution circumvents our decision and disobeys our mandate." *Id.* at 395–96. We reached this conclusion, not merely as a matter of lower court *authority*, but as a matter of lower court *jurisdiction*. Because this Court enjoys "exclusive jurisdiction" to entertain such stays, other state courts "ha[ve] no jurisdiction to enjoin [a] scheduled execution." *Id.* at 396; *see also State ex rel. Wilson v. Briggs*, 351 S.W.2d 892, 896 (Tex. Crim. App. 1961) ("We conclude that it is necessary in order to enforce the jurisdiction of this Court that the Respondent be prohibited from taking any further action as district judge with reference to the death sentence [in question].").

To be sure, the Legislature has provided that there are some situations in which a convicting court may "reset[] . . . the execution date" or "modify or withdraw" the order setting the execution date. *See* TEX. CODE CRIM. PROC. art. 43.141(b-2), (d). But those situations are narrow and exclusive. First, when the appropriate parties have not been timely provided a copy of the order setting the execution date, "the exclusive remedy . . . is the resetting of the execution date." *See id.* art. 43.141(b-1), (b-2). Second, if the convicting court determines that additional proceedings are necessary on an application for a writ of habeas corpus filed under Article 11.071 or a motion for forensic testing of DNA evidence submitted under Chapter 64, "[t]he convicting court may modify or withdraw the order of the court setting a date for execution." *Id.* art. 43.141(d).

Outside of these narrow circumstances, state courts—including the convicting court in this case—have no jurisdiction to stay or enjoin a scheduled execution, reset an execution date, withdraw an order setting an execution date, or recall a death warrant. *See Holmes*, 885 S.W.2d at 395–96; *see also Ogg*, 692 S.W.3d at 485 (noting that Code of Criminal Procedure Article 43.141 "sets out only two circumstances under which the convicting court may exercise" the jurisdiction it bestows); *Holmes*, 885 S.W.2d at 395 n.8 (observing that while this Court has "inherent authority to grant a stay" under Article V, Section 8 of the Texas Constitution, district courts possess only "statutory authority to stay an execution" under then-Rule of Appellate Procedure 233, predecessor to Article 43.141(d) of the Texas Code of Criminal Procedure).

Here, Applicant's constitutional writ sought an injunction preventing TDCJ from taking certain actions when carrying out a lawfully issued death warrant. Under similar circumstances, we have viewed the issuance of such an injunction as the functional equivalent of a stay of execution. Before we issued our opinion in *In re State ex rel. Paxton*, a group of death row inmates had filed a civil suit seeking "injunctive or declaratory relief regarding the drugs to be used in their respective executions." No. WR-94,432-02, slip op. at 2 (Tex. Crim. App. Jan. 10, 2023) (not designated for publication). The Attorney General of Texas brought a prohibition action in this Court against the trial judge presiding over the suit, and we granted prohibition relief, ordering the judge "to refrain from issuing any order purporting to stay" the affected executions. *Id.*

Less than a week later, the judge issued an injunction that, in her view, did "not stay[] the executions of any of the . . . plaintiffs in the case." *Id.* The judge regarded her injunction as merely enjoining TDCJ "from committing certain acts while conducting the executions of the Plaintiffs." *Id.* at 2–3. But we were not persuaded. We explained, "[T]his injunction circumvents this Court's mandates and the orders of the inmates' convicting courts. And it is in violation of our order to refrain from issuing any order purporting to stay the executions of the various inmates." *Id.* at 3 (internal quotation marks omitted). We vacated the district judge's order. *Id.*

We acknowledge that, as an unpublished opinion, *In re State ex rel. Paxton* has no precedential value and is not authoritative. *See* TEX. R. APP. P. 77.3. Even so, we remain persuaded by the rationale upon which *Paxton* was based. In the face of an active death warrant and imminent execution, an injunction preventing TDCJ from using a certain category of drugs when carrying out the warrant would function as a stay of execution. Such an injunction would therefore encroach upon our "exclusive jurisdiction" over such stays. *See Holmes*, 885 S.W.2d at 395–96.

It follows that the convicting court in this case lacked jurisdiction even to entertain the specific form of relief that Applicant requested in his constitutional writ. Indeed, under *Holmes*, method-of-execution claims raised in the face of an active death warrant may not be raised via a constitutional writ filed in the convicting court. When raised on habeas, such claims must be raised via a constitutional writ filed in this Court. For only this Court retains the jurisdiction and authority necessary to afford relief on such claims, should they state a valid basis for habeas corpus relief. *Accord id.*

Applicant acknowledged as much in the constitutional writ he filed in this Court after the convicting court denied relief on the constitutional writ filed there. Before this Court, Applicant argued that "when an application raises claims concerning how the State carries out its death sentences, it is appropriate for this Court to resolve these grave issues directly." But Applicant had previously argued to the convicting court that he was required to first seek constitutional writ relief from that court pursuant to our decision in *Ex parte Valdez*, 489 S.W.3d 462, 465 (Tex. Crim. App. 2016).

In *Valdez*, we held that "for the purpose of establishing extraordinary circumstances" in an original habeas proceeding, "the court of conviction is *ordinarily* the appropriate court in which to first seek relief, *if it has habeas jurisdiction*." *Id.* (emphases added). What we have just established is that, outside of the circumstances described in Texas Code of Criminal Procedure Article 43.141, district courts lack jurisdiction to stay or enjoin a scheduled execution, reset an execution date, withdraw an order setting an execution date, or recall a death warrant. *See Holmes*, 885 S.W.2d at 395–96; TEX. CODE CRIM. PROC. art. 43.141(b-1), (b-2), (d). That being the case, the convicting court is not the appropriate court in which to file a constitutional writ raising a method-of-execution claim. When raised in an original writ, such a claim must be addressed to this Court in the first instance. Our decision today is therefore in harmony with *Valdez*.

True enough, we have previously entertained appeals from convicting court orders denying relief on habeas applications filed under the Texas Constitution and Code of Criminal Procedure Article 11.05. *See Ex parte Renteria*, No. AP-77,118 (Tex. Crim.

App. Nov. 16, 2023) (not designated for publication); *Ex parte Murphy*, No. AP-77,116 (Tex. Crim. App. Oct. 9, 2023) (not designated for publication). But each of those unpublished opinions was delivered against the backdrop of an imminent execution. And neither decision stands for the proposition that a district court enjoys jurisdiction over method-of-execution claims that might result in the functional equivalent of a stay of execution.

Finally, our reasoning today does not suspend the writ of habeas corpus or deprive Texas district courts of any jurisdiction they would otherwise lawfully enjoy. Article I, Section 12 of the Texas Constitution provides, "The writ of Habeas Corpus is a writ of right, and shall never be suspended." In *Ex parte Renier*, we suggested that, were this Court to deny an applicant any forum in which to challenge the legality of his restraint, we would effectively suspend the writ of habeas corpus "contrary to the dictate of Article I, § 12." *See* 734 S.W.2d 349, 353 (Tex. Crim. App. 1987). But we do not hold today that Applicant has no forum in which to litigate a ripe method-of-execution claim. We hold only that, should he choose to do so via a constitutional writ, he must do so in this Court by invoking this Court's original jurisdiction. *See* TEX. CONST. art. V, § 5; *Briggs*, 351 S.W.2d at 482 ("The original jurisdiction of this Court to issue writs of habeas corpus is unlimited."); *Ex parte Alba*, 256 S.W.3d 682, 689 (Tex. Crim. App. 2008) (Cochran, J., concurring) ("[N]o Texas statute limits the authority or jurisdiction of this Court to consider an original habeas application by . . . an inmate seeking relief from an unconstitutional *manner* of carrying out his admittedly lawful sentence.").

As for the convicting court's constitutional habeas jurisdiction, as mentioned, Article V, Section 8 of our Constitution provides that district courts retain "jurisdiction of all actions, proceedings, and remedies, *except in cases where . . . jurisdiction may be conferred by this Constitution or other law on some other court*." *See* TEX. CONST. art. V, § 8 (emphasis added). Under Texas law as laid out in *Holmes*, outside of the circumstances described in Texas Code of Criminal Procedure Article 43.141, constitutional jurisdiction has been "conferred" on this Court—and this Court alone—to stay a lawfully scheduled execution. And while the Legislature has declared that a convicting court may recall a duly issued death warrant in some circumstances, those circumstances are narrow and exclusive, and do not include the filing of a constitutional writ application. *See* TEX. CODE CRIM. PROC. art. 43.141(d). "Clearly, the Legislature may provide for the orderly administration of remedies guaranteed by the Constitution without thereby eliminating their effectiveness or compromising the constitutional jurisdiction of the courts." *Renier*, 734 S.W.3d at 359 n.10 (Teague, J., dissenting).

## CONCLUSION

The convicting court lacked jurisdiction to rule on the merits of Applicant's "Application for Writ of Habeas Corpus Under Article I, § 12 of the Texas Constitution & Texas Code of Criminal Procedure Article 11.05." We return this case to the convicting court with instructions to dismiss the application for lack of jurisdiction.

Delivered:  September 24, 2025

Publish