

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-18-00020-CR

EX PARTE
GREGARY A. TURNER, SR.

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. D213W010816-1343101-A

----------

## MEMORANDUM OPINION[1]

----------

Appellant Gregary A. Turner, Sr. attempts to appeal either a second time from the trial court's 2013 judgment or from the Texas Court of Criminal Appeals's February 2017 summary denial of his postconviction application for writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.07 (West 2015). Either way, we have no jurisdiction over this appeal.

---

[1]*See* Tex. R. App. P. 47.4.

This court's opinion and judgment of August 13, 2015 resolved Appellant's direct appeal from the trial court's October 2013 judgment. *Turner v. State*, No. 02-13-00487-CR, 2015 WL 4775758, at *1 (Tex. App.—Fort Worth Aug. 13, 2015, pet. dism'd, untimely filed) (mem. op., not designated for publication). Our plenary power expired sixty days after our judgment's date. *See* Tex. R. App. P. 19.1(a). To the extent Appellant seeks another appeal of his October 2013 conviction and sentence, we have no jurisdiction to consider the appeal, both because our plenary power has expired and because his notice of appeal, filed more than four years too late, is untimely. *See* Tex. R. App. 19.3, 26.2(a); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *cf. Coleman v. State*, No. 03-11-00648-CR, 2011 WL 6118604, at *1 (Tex. App.—Austin Dec. 8, 2011, no pet.) (mem. op., not designated for publication) ("He is not entitled to a second appeal of this conviction.").

To the extent Appellant seeks to appeal from the Texas Court of Criminal Appeals's February 2017 denial of his application for writ of habeas corpus, this court has no authority to review a decision of the Texas Court of Criminal Appeals. *State ex rel. Wilson v. Briggs*, 171 Tex. Crim. 479, 351 S.W.2d 892, 894 (Tex. Crim. App. 1961) ("The Court of Criminal Appeals is the court of last resort in this state in criminal matters. This being so, no other court of this state has authority to overrule or circumvent its decisions, or disobey its mandates."); *cf.* Tex. Code Crim. Proc. Ann. art. 11.07, § 5 ("After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and

of no force and effect in discharging the prisoner."); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (holding that the court of appeals usurped the Texas Court of Criminal Appeals's exclusive authority to grant habeas relief from a final felony conviction).

Appellant's response to our letter expressing our jurisdictional concerns does not provide a basis for continuing the appeal. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: PITTMAN, J.; SUDDERTH, C.J.; and BIRDWELL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 12, 2018