

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00324-CR

EX PARTE DAVID SCOTT

On Appeal from the 460th District Court
Travis County, Texas[1]
Trial Court No. D-1-DC-20-904003, Honorable Geoffrey Puryear, Presiding

January 4, 2021

## MEMORANDUM OPINION

### Before PIRTLE and PARKER and DOSS, JJ.

Appellant, David Scott, proceeding pro se, appeals from the trial court's purported order denying his "Application for Writ of Habeas Corpus Reduction of Excessive Bail." We dismiss the appeal for want of jurisdiction.

In January 2020, appellant was indicted and arrested for burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2019). On February 4, 2020, appellant filed an application for writ of habeas corpus in the trial court requesting immediate

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

release from Travis County Jail or a reduction of his bail. Though the record does not contain a trial court order ruling on appellant's application, appellant filed this appeal.

This Court has jurisdiction to consider an appeal from a judgment of guilt or where appellate jurisdiction has been expressly granted by law. *See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). Though we may review the denial of an application seeking pretrial habeas relief, our appellate jurisdiction depends on the entry of a signed written order. *See Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649-50 (Tex. Crim. App. 2005) (orig. proceeding); *Broussard v. State*, No. 01-10-00458-CR, 2010 Tex. App. LEXIS 8360, at *5 (Tex. App.—Houston [1st Dist.] Oct. 14, 2010, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction where record did not contain written order denying appellant's pretrial habeas application).

By letter of November 30, 2020, we notified appellant that it did not appear the trial court had entered an appealable judgment or order and directed him to show how we have jurisdiction over the appeal. Appellant has filed a response but has not demonstrated grounds for continuing the appeal.

Because appellant has not presented this Court with a written order disposing of his application for writ of habeas corpus, we dismiss the appeal for want of jurisdiction.[2]

Per Curiam

Do not publish.

---

[2] In September 2020, appellant filed a motion for leave to file an application for writ of habeas corpus in the Court of Criminal Appeals, docketed as cause number WR-91,031-02. The Court of Criminal Appeals denied the motion without written order on September 30, 2020. A copy of the Court's official notice of denial was filed in the trial court and included in the clerk's record. To the extent appellant seeks to appeal from the Court of Criminal Appeal's denial of his motion for leave, we are also without jurisdiction over the appeal. *See State ex rel. Wilson v. Briggs*, 351 S.W.2d 892, 894 (Tex. Crim. App. 1961) ("The Texas Court of Criminal Appeals is the court of last resort in this state in criminal matters. This being so, no other court of this state has authority to overrule or circumvent its decisions, or disobey its mandates.").